**Edith KELSON, Plaintiff,**

v.

**SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY, a Georgia corporation and the Communication Workers of America, a non-corporate labor union, individually, jointly and severally, Defendants.**

**Case No. 90–6463–CIV.**

United States District Court, S.D. Florida, Miami Division.

Sept. 16, 1991.

**522**

Charles T. Whitelock, Fort Lauderdale, Fla., for plaintiff.

John L. Quinn; Dorian K. Damoorgian, Hialeah, Fla.; Robert Cousins, Fort Lauderdale, Fla.; Robert G. Beatty, Stuart, Fla.; Frank B. Semmes; Edwin E. Mortell, III, Fort Lauderdale, Fla.; for defendants.

## ORDER

MORENO, District Judge.

THIS CAUSE came before the Court upon Defendants' Motion for Summary Judgment and Defendant Communication Workers of America's Motion to Strike Demand for Punitive Damages and Demand for Jury Trial.

### Facts

The Communications Workers of America (CWA) is a labor organization as defined by the National Labor Relations Act (NLRA). Southern Bell Telephone is an employer as defined by the NLRA. At all times, the relationship between the two was governed by the collective bargaining agreement executed by CWA and Southern Bell. The agreement contains grievance-arbitration procedures, including those that arise under various employee benefit plans that are incorporated in the collective bargaining agreement.

Edith Kelson began work for Southern Bell in 1971 as a telephone operator. She was promoted to the position of Service Representative in 1976 and again to Frame Attendant in 1978, the position she still held at the time of the alleged discharge.

Kelson was injured in an automobile accident on March 2, 1988, unrelated to her employment with Southern Bell and she ceased work shortly thereafter stating that she could not return to full-time employment. Southern Bell's company physician examined Kelson's medical records and made an independent physical examination of the Plaintiff and determined that she was able to return to full-time employment.

At all times relevant to this action, Kelson was a member of the CWA and its local affiliate Local 3104. Kelson admits that she was, without exception, satisfied with the representation she received from union representatives Simmons, Chappel Utter, Griner and Sharon Hull, with whom she had a good working relationship. The two union representatives with whom Kelson expressed dissatisfaction were Foland and Feaster, who were subsequently discharged of their duties with the union.

In order to represent her before the labor board to dispute her discharge, Kelson retained two different lawyers. The first one was unfamiliar in labor matters and a second one was hired and ultimately represented Kelson. The union representative, Kenneth Ruth reviewed her grievance.

The facts pertaining to the negotiations between the union, Kelson and her attorneys, is contested but not material to the action against CWA. The gravamen of Kelson's complaint against the union specifically relates to the communications between the union and the attorneys, not the union and Kelson. Specifically, the material facts involve the nature of the communications, what the attorneys were made aware of with respect to her claim against Southern Bell, how and if she was advised when she received a proposed settlement, and how her alternatives were explained to her by her representatives.

In Judge Gonzalez' August 29, 1990 order granting Defendants Ted Crespi, P.A., Ted Crespi and Therese A. Fiumera's Motions to Dismiss, the Court severed future claims against those three Defendants from the claims against the remaining two, Southern Bell and CWA. The claims against Crespi, Crespi, P.A. and Fiumera were remanded to State Court based upon Judge Gonzalez' order which stated: "in simple words, the factual proof necessary to establish the claims of professional malpractice would be irrelevant to the issues presented by the wrongful discharge and failure of proper representation claims." Thus, the claims against her attorneys and representatives with the union have been severed from this case and are not before this court.

## PUNITIVE DAMAGES AND DEMAND FOR JURY TRIAL

■ This Court points out that the Plaintiff did not timely respond to the Defen-

dant Communication Workers of America's motion for summary judgement or motion to strike demand for punitive damages and demand for jury trial. The instant motions were filed on June 24, 1991 and a hearing was scheduled for August 3, 1991. The Plaintiff requested a continuance of the hearing date based on a conflict with his schedule. This Court obliged her and rescheduled the hearing for August 22, 1991 when all counsel could be present. However, at no time did counsel for the Plaintiff ever request an extension of time in which to respond to the Defendant's summary judgment motion. A response was finally filed on the date of the hearing.

It is well within this Court's discretion to grant the summary judgment motion based on the fact that it was unopposed by the Plaintiff during the time allowed by the Rules of Civil Procedure as it is appropriate to strike the response as untimely and therefore, inappropriate. For that reason, and considering the motions, oral argument and pertinent portions of the record and otherwise being fully advised in the premise, it is

ADJUDGED that the Motion to Strike Demand for Punitive Damages and Demand for Jury Trial is GRANTED, unopposed and without objection in open court. It is further

ADJUDGED that the Motion for Summary Judgment is GRANTED based on the following analysis.

### Analysis

The motions of defendants' are treated as one for Summary Judgment. As movants for Summary Judgment, CWA and Southern Bell bear the burden of showing that everything in the record demonstrates that no genuine issue of material fact exists. Fed.R.Civ. 56(c).

Among the grounds for their motions for Summary Judgment, defendants contend that plaintiff's claims are barred by the six month limitations period prescribed by § 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b). In *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that § 10(b) of the NLRA and its six month limitations period for filing unfair labor practice charges applies to a § 301 fair representation action brought by an employee against her employer and or union.

As recognized by the Eleventh Circuit in *Benson v. General Motors Corp.*, 716 F.2d 862 (11th Cir.1983), "For purposes of determining when the 10(b) period begins to run, we look to when Plaintiff either was or should have been aware of the injury itself, not to when Plaintiff became aware of one of the injuries' many manifestations." 716 F.2d at 864. In the present case, CWA notified the Plaintiff that it had settled her contractual grievances and would not pursue them any further in May of 1989. The Plaintiff's Complaint was not filed until May 16, 1990, more than six months after the cause of action accrued.

Applying the statutory limitations periods to this case, plaintiff's claims are time barred since the Complaint was filed more than six month after the accrual of plaintiff's cause of action.

Based on the foregoing, it is

ADJUDGED that defendants motions are GRANTED and final summary judgment is entered in favor of defendants CWA and Southern Bell.

DONE AND ORDERED.