Myrtle SINGEN, Kay Brewster, Lucille Matteson, Dorothy Johnson, Jennie Butler, Hazel Brown, Lois Sly, Marion Cohen, Grace Watson, Lucille Jett, Beuhla Gillom, Hazel Adams, Alma McMorris, Marlene Belew, Rita Moore, Lucille Musgraves, Pearlene Haney, Margaret Coghlan, Mary Spirz, Plaintiffs,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS DISTRICT LODGE 837, Defendant.

No. 79–186C(3).

United States District Court, E. D. Missouri, E. D.

Aug. 27, 1979.

Charles E. Foehner, III, and Eugene H. Fahrenkrog, Jr., St. Louis, Mo., for plaintiffs.

Jerome A. Diekemper, Diekemper, Hammond & Shinners, Clayton, Mo., for defendant.

MEMORANDUM

NANGLE, District Judge.

This case is once again before the Court upon defendant's motion for summary judgment. This Court previously granted defendant's motion for summary judgment due to the applicability of the Missouri five year statute of limitations, § 516.120, R.S.Mo. (1969). See order of June 4, 1979.

Plaintiff was then allowed to file an amended complaint which alleged the applicability of the Missouri Savings Statute, § 516.230, R.S.Mo. (1969), and defendant again moved for summary judgment.

The events in controversy arose over ten years ago. Plaintiffs allege that on June 23, 1969 the defendant refused to process a grievance concerning termination of certain contractual rights. Plaintiffs also allege that they were laid off and their seniority rights terminated on August 1, 1969.

Plaintiffs originally filed suit within the applicable limitations period in the Circuit Court of St. Louis County. This suit named as defendant an unincorporated labor organization which, under Missouri law, is not a legal entity capable of being sued. *Morris v. Willis*, 338 S.W.2d 777 (Mo.1960). The original suit was dismissed without prejudice on this ground on July 10, 1978. The present action was then commenced on February 20, 1979.

Section 516.230, R.S.Mo. (1969) provides, in pertinent part, as follows:

If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, . . such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered . . .

The controversy in the present case revolves around whether the earlier dismissal in this case constituted a "nonsuit" within the meaning of the above statute.

*Tanner v. Presidents-First Lady Spa, Inc.*, 345 F.Supp. 950 (E.D.Mo.1972), involved a similar situation. In that case, the plaintiffs in the original action never obtained service upon the defendants. After the dismissal of the original action due to lack of jurisdiction, the plaintiffs instituted another action within one year, claiming that the statute of limitations was tolled during the pendency of the first suit. The court relied on two grounds to conclude that § 516.230 was not applicable. First of all, the court said that the plaintiffs could not rely on the statute to toll the running of the limitations period where the failure to obtain jurisdiction was due to their lack of due diligence in attempting to obtain service.

More importantly, though, the court said that, regardless of the plaintiffs' diligence, where personal jurisdiction is not obtained over a defendant, the limitations period is not tolled. Quoting from *Mertens v. McMahon*, 115 S.W.2d 180, 183 (Mo.App.1938), the court said "The court did not have jurisdiction and never did acquire jurisdiction over the defendant and was, therefore, never in a position to try that cause. That cause having been dismissed without the court ever having acquired jurisdiction, the legal situation is the same as though that suit was never filed." *Tanner*, supra at 961.

The situation in the present case is directly analogous. Plaintiffs sued a non-legal entity, and under Missouri law could not obtain jurisdiction over that defendant. For purposes of § 516.230, it is the same as if the first suit had never been brought. The situation in this case is clearly different from those cases where jurisdiction over the defendant was not obtained in the first suit due to an innocent mistake of the plaintiff. Cf. *Guffey v. Mehan*, 457 F.2d 777 (8th Cir. 1972) (defendant located 800 feet from county line; plaintiff sued in wrong county); *Tice v. Milner*, 308 S.W.2d 697 (Mo. 1957) (plaintiff served defendant under statute later held unconstitutional).

Plaintiffs originally filed suit in this case within two years of the accrual of the cause of action. They were immediately put on notice through defendant's motion to dismiss that they sued an improper entity. That suit sat in the state court for over six years without any action on plaintiffs' part to correctly assert jurisdiction over the defendant. Under such circumstances, this Court must now hold the present action barred by the statute of limitations.

Therefore, defendant's motion for summary judgment will be granted.