Ronald GOFF and Joyce GOFF, Plaintiffs–Appellants,

v.

Dennis T. SCHLEGEL, Bonnie Schlegel, and Navistar International Corp., Defendants–Respondents.

No. 53050.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 23, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 23, 1988.

Application to Transfer Denied May 17, 1988.

Richard E. Schwartz, St. Louis, for plaintiffs-appellants.

John Joseph Hummel, St. Louis, for defendants-respondents.

KAROHL, Presiding Judge.

This appeal follows a dismissal with prejudice of plaintiffs' claim for personal injuries and loss of consortium against defendant Navistar International Transportation Company (formerly International Harvester) as manufacturer of a farm tractor and against Dennis and Bonnie Schlegel, individually and as trustees of Fulton Imple-

ment Company, a forfeited Missouri corporation (Fulton), as vendors of replacement parts and accessories for the tractor. The issues on appeal relate to contentions the trial court in St. Charles County erred in dismissing the claims. The petition alleges a design defect product liability claim against Navistar and negligence against the Schlegels. The court dismissed plaintiffs' petition against Navistar on two grounds: (1) plaintiffs' claim is barred by the five year statute of limitations, Section 516.120 RSMo 1986; and, (2) lack of venue in St. Charles County because joinder of the Schlegels was fraudulent. The court dismissed the petition against the Schlegels solely on the ground that venue was improper because of fraudulent joinder.

According to the petition, Ronald Goff was injured on August 9, 1980 while he was operating a farm tractor manufactured by International Harvester, now Navistar. The tractor rolled over Goff, crushing his leg and pinning him under the tractor. While pinned under the tractor, Goff suffered additional injuries when hot engine fluids leaked from the glass oil bath and radiator cap which caused severe leg burns. Shortly before the casualty, Ronald Goff purchased replacement parts and accessories consisting of "metal rims for the two front tires, the oil bath, and the oil breather cap" from Fulton Implement Company Incorporated. Fulton forfeited its Corporate Charter on January 1, 1982.

The Schlegels were members of the last board of directors and were officers of Fulton. They are sued individually and as trustees of the assets of Fulton. The petition alleges that the replacement parts were not properly sold for use on the tractor, were not authorized parts by defendant Navistar for use on the tractor and were not properly designed or manufactured "by reason of which the [product liability defects alleged against defendant Navistar] were created and/or enhanced and/or their propensity to injure was triggered." The petition further alleges that Fulton and defendants Schlegel knew of the intended use on the Navistar tractor, but failed to warn plaintiff of information which they knew or readily had access to, about the dangerous conditions created by use of that tractor with the parts and accessories sold to plaintiff; that Fulton and these individual defendants were thereby *negligent* and personally liable both directly for their aforesaid *negligence* and as trustees of the assets of Fulton.

The product liability claim against defendant Navistar is premised upon allegations that at the time of the casualty the tractor was in substantially the same condition as when manufactured and was in a defective, unreasonably dangerous condition because: (a) defective design relating to lateral instability, longitudinal instability, improper placement of the motor, undue height of the center of gravity, failure to incorporate antislip devices on the rear axle, and failed to incorporate roll over protective equipment ("ROPS"); (b) failure to warn of the above characteristics or failures; (c) failure to retrofit said tractor with ROPS and warn of the necessity or to advise of the availability of same; (d) failure to recall said tractor; (e) failure to conduct a proper dealer and public information campaign directed to plaintiff and other users of similar machinery; (f) failure to incorporate, design and manufacture, or to retrofit the tractor with devices to prevent the drainage of hot engine fluids onto the operator in the event of an upset, although same was foreseeable, thus enhancing plaintiff's injuries; (g) failure to perform roll over tests; and, (h) failure to test during and after production to determine feasibility and proper specifications for a suitable ROPS.

From the documents in the legal file we learn the following facts. The casualty occurred in Callaway County, Missouri. At the time of the casualty the Schlegels resided in Callaway County. At the time the subject lawsuit was filed in St. Charles County the Schlegels resided in St. Charles County. Navistar is a foreign corporation with a registered agent in the City of St. Louis, but with no office for the conduct of business in the City of St. Louis or in St. Charles County.

## STATUTE OF LIMITATIONS

Plaintiff, Ronald E. Goff, alleges personal injuries resulting from a casualty which occurred on August 9, 1980. Plaintiff filed suit in St. Charles County on September 11, 1986, six years and one month after the casualty. Navistar moved to dismiss the cause of action on the authority of Section 516.120(4) RSMo 1978 which prescribes a five year limitation. Plaintiffs rely on Section 516.230 RSMo 1978, the "savings statute". This section provides that a plaintiff may commence a new action after a non-suit [or under circumstances not here relevant] within one year after such non-suit, "[i]f any action shall have been commenced within the times respectively prescribed in Sections 516.010 to 516.370. . . ."

The tortured factual setting for plaintiffs' position follows. On December 31, 1980 plaintiffs filed the original complaint against International Harvester Company only in the Federal District Court for the Eastern District of Missouri. This suit was dismissed without prejudice by plaintiffs in early 1984. On February 15, 1984 plaintiffs filed suit on the same cause of action in the same Federal Court against International Harvester Company and a second corporation. On November 16, 1984 plaintiffs filed a third suit on the same cause of action in the Circuit Court of the City of St. Louis against International Harvester Company, Dennis T. Schlegel, Bonnie Schlegel and Russell Forsee, the registered agents of Fulton Implement Company, a forfeited Missouri corporation. This suit named the Schlegels in their capacity as trustees of the assets of Fulton. On November 29, 1984 the second Federal Court suit was dismissed without prejudice. On September 24, 1985 the Circuit Court of the City of St. Louis dismissed plaintiffs' petition without prejudice in response to a motion of International Harvester which alleged fraudulent joinder, improper venue and forum non conveniens and a motion to dismiss filed by the Schlegels alleging fraudulent joinder and Section 351.565 RSMo 1978. This section relates to actions against a dissolved corporation, its directors or shareholders and limits such suits to those commenced within two years after designated events related to dissolution under Chapter 351. The Circuit Court in the City of St. Louis dismissed without prejudice and without comment as to the ground or grounds relied on to justify dismissal.

We find the St. Charles Circuit Court erred in dismissing plaintiffs' petition filed on September 11, 1986 against defendant Navistar on the basis of Section 516.120 RSMo 1978. Plaintiffs filed the present law suit within one year of dismissal of their action filed in the Circuit Court of the City of St. Louis within the five year statute of limitations and dismissed by the court on September 24, 1985. The City of St. Louis suit was the first suit dismissed after the expiration of the five year period and the savings statute granted plaintiffs until September 23, 1986 to refile the same cause of action. *Britton v. Hamilton,* 740 S.W.2d 704, 705 (Mo.App.1987). The suit in the Circuit Court of the City of St. Louis was filed within the period of the five year statute of limitations and the dismissal occurred thereafter. On these facts plaintiffs were entitled to the benefit of the savings statute.

Navistar relies on *Cady v. Harlan,* 442 S.W.2d 517 (Mo. banc 1969). The facts in *Britton* and the present case are distinguishable from the facts in the *Cady* case. In *Cady,* plaintiffs attempted to rely upon the savings statute following a suit which was not instituted within the period of the original statute of limitations. The Supreme Court declined to adopt such a broad interpretation of the savings statute. Navistar also argues that the savings statute began to run on November 29, 1984, the date plaintiffs dismissed the second Federal Court lawsuit. The savings statute will aid plaintiff only once. If the earlier date triggered that statute, then the St. Charles filing was out of time. This ignores plaintiffs' right to file in the Circuit Court in the City of St. Louis within the period of the original statute of limitations without relying on the savings statute.

Navistar also argues that the dismissal by the court in the Circuit Court of the City

of St. Louis was granted because of fraudulent joinder of the Schlegels and that venue was improper under the doctrine of forum non conveniens. This, Navistar argues, prevents application of the savings statute on the premise that because venue was improper in the City of St. Louis that court never obtained jurisdiction over Navistar and therefore failed to toll the five year statute of limitations. This argument is defective for several reasons. First, there is no authority for the proposition that a dismissal on grounds of forum non conveniens is a determination of improper venue. The application of that doctrine depends upon the fact that venue is proper, but there is a second venue which is more convenient. Second, a dismissal for lack of venue over defendant Navistar based upon fraudulent joinder of the individual defendants Schlegel does not compel a finding that the Circuit Court of the City of St. Louis had no jurisdiction over defendant Navistar. The concept of jurisdiction differs from the concept of venue. Even if there was no venue in the Circuit Court of the City of St. Louis there was personal jurisdiction over defendant Navistar and the five year statute was tolled by the filing of the suit.

Finally, Navistar argues that the court in St. Charles County found plaintiffs fraudulently joined the Schlegels in order to have venue in St. Charles County against defendant Navistar and the Schlegels. This, it argues, did not toll the one year allowed in the savings statute. This argument is unsupported by authority and inconsistent with the provisions of the savings statute which requires only that suit be commenced within the limitation of one year. Further, we find the court erred in ruling joinder was fraudulent.

We find the court erred in not applying the savings statute and dismissing plaintiff's petition against defendant Navistar on the ground the action was barred by the statute of limitations.

## FRAUDULENT JOINDER

The trial court sustained defendant-Schlegels' motion to dismiss on the ground

of fraudulent joinder. If this finding is correct, then venue for suit against defendant Navistar lies only in Callaway County, where the cause of action accrued. Section 508.040 RSMo. 1978. Accordingly, the court also dismissed plaintiffs' petition against Navistar on the basis of fraudulent joinder and resulting lack of venue.

The defendants' motions do not test the sufficiency of plaintiffs' petition to state a cause of action against defendant Navistar or defendant Schlegel. Our analysis of the petition indicates that the petition does state a cause of action on a theory of product liability against defendant Navistar. In the same count plaintiff Ronald Goff states a cause of action on the theory of negligence against the Schlegels individually and as statutory trustees. The joinder-venue issue is identical whether the Schlegels are sued as residents of St. Charles County either as trustees of Fulton or on the claim of individual negligence. The common element alleged in the single count against these defendants is that the negligence of the Schlegels was the proximate cause of additional and more severe injuries sustained by the plaintiff in the single casualty.

 Where venue is an issue, plaintiffs carry the burden of proof to show an honest belief that there is a justiciable claim against the resident party. *Wadlow v. Donald Lindner Homes, Inc.,* 654 S.W. 2d 644, 646 (Mo.App.1983). *Rakestraw v. Norris,* 478 S.W.2d 409, 414 (Mo.App.1972). Joinder is proper only if the parties were named defendants in good faith and not simply to gain venue in St. Charles County. *Wadlow v. Linder,* at 646. "The issue is whether plaintiffs knew or must be presumed to have known that they could not make a submissible case on the pleaded theory when they filed the petition. We have recognized that more is required than merely stating a 'paper case' against a resident defendant." *Wadlow by Wadlow v. Linder Homes, Inc.,* 722 S.W.2d 621, 624 (Mo.App.1986) (Wadlow II).

The relevant question then becomes, did the plaintiffs have a factual basis to support an honest belief that they have a

cause of action against the Schlegels who had become residents of St. Charles County to support joinder of the Schlegels as defendants? If they did have a basis, the action is proper in St. Charles County against the Schlegels as residents and Navistar as a co-defendant under the general venue statute. The factual basis alleged in the petition speaks for itself. It facially carries plaintiffs' burden of proof to show an honest belief that the Schlegels breached a duty of care which proximately caused or contributed to cause plaintiff Ronald Goff's injuries. The sufficiency of the pleading to state a cause of action is not contested. More than a "paper case" is alleged against the Schlegels either as individuals or trustees.

■ The Schlegels argue, however, that the corporate charter of Fulton was forfeited on January 1, 1982. They contend that plaintiffs' claim against them as statutory trustees is barred by Section 351.565 RSMo 1978. They argue that this statute is applicable to suits against a "defunct" corporation. Defendant–Navistar adopts the same argument. If this limitation applies, then as a matter of law the Schlegels are entitled to dismissal. In their absence venue fails because a dismissal as a matter of law would foreclose a good faith belief on the part of plaintiffs. However, that section, by its terms, applies to dissolved, not forfeited corporations. It does not adopt the "defunct" characterization of defendants. Dissolution proceedings would require notice to creditors whether done administratively under Chapter 351 or by order of an equity court. This may explain the short period of two years. In the absence of application of Section 351.565 the appropriate five year statute of limitations, extended by the savings statute, constitutes a reasonable period of time to foreclose suits against statutory trustees of corporations who forfeit their corporate charter. Because of the forfeiture a suit against Fulton must be brought against the surviving statutory trustees. *Nudelman v. Thimbles*, 225 Mo. App. 553, 40 S.W.2d 475, 477–78 (1931), cited with approval in *Mercantile Trust Co. v. Mosby*, 623 S.W.2d 22, 24 (Mo.App.

1981). *See also, Clark Estate Co. v. Gentry*, 362 Mo. 80, 240 S.W.2d 124, 127 (1951). Plaintiffs' suit against the Schlegels was not barred by the two year statute of limitations and was not "pretensive" or filed in bad faith against them in St. Charles County on that account.

■ Defendants also contend that plaintiffs' failure to include the Schlegels as defendants in the two federal lawsuits forecloses an honest belief of a justiciable claim in the St. Charles County lawsuit. There is no factual support for this conclusion. Plaintiffs were not required to name Fulton or the Schlegels, individually or as statutory trustees, in either of the federal lawsuits. Nor does that failure prevent a subsequent amendment by addition of parties either in the federal lawsuits or in a subsequent state court lawsuit. Their conduct in the federal court demonstrates neither good nor bad faith in their belief that they have a justiciable claim against the Schlegels. At most, it demonstrates that they originally elected not to enforce any claim, whether they had one or not. The issue is honest belief when the St. Charles suit was filed.

The court was favored with an affidavit of counsel who represented the Schlegels when the case was pending in the Circuit Court of the City of St. Louis. The relevant portion is a notation that counsel for the plaintiffs in the City of St. Louis case told counsel for the Schlegels that they were named as defendants in order to prevent removal to federal court. Even if we assume the statement was made, it does not demonstrate the absence of a good faith belief in the existence of a justiciable claim against the Schlegels. The statement may recognize that collection of any future judgment against the Schlegels is unlikely for some reason. It does not negate an honest belief the Schlegels are liable to plaintiffs for alleged negligent acts. An honest belief in a justiciable claim when taken together with a strategic decision to prevent removal does not support a finding of an absence of a good faith belief that plaintiffs have a good cause of action against the Schlegels. Counsel for the

plaintiffs denied such statement, but even if it was made, it would only demonstrate a legitimate strategic decision of counsel. It does not require a finding that there is no justiciable claim honestly brought.

Finally, the Schlegels filed affidavits in support of their motion which assert that Fulton Implement Company was a corporation at all times mentioned in plaintiff's petition; that anyone dealing with Fulton was dealing with the corporation and that they have no memory or record whatsoever of the transaction mentioned in the plaintiffs' petition. Defendant Bonnie Schlegel added that she never functioned as a clerk or salesperson on behalf of Fulton and could not have sold any items mentioned in plaintiffs' petition to Ronald Goff. These affidavits present matters of fact to be determined by a fact finder. They do not withdraw the potential liability of the Schlegels as trustees of Fulton as a matter of law. They do not support or tend to support a finding that plaintiffs' petition against the Schlegels as trustees of Fulton or individually was brought in their county of residence in bad faith.

We conclude that the pleadings, motions and affidavits presented to the trial court do not support a finding of pretensive claim or fraudulent joinder of the Schlegels. Accordingly, we find the judgment of the trial court dismissing plaintiffs' petition for fraudulent joinder unsupported in fact and erroneous as a matter of law. *See, State ex rel. Coca Cola v. Gaertner,* 681 S.W.2d 445, 447 (Mo. banc 1984). The claim against the Schlegels as trustees is not barred by any statute of limitations. It is not clear from the records, pleadings and facts presented in support of the motion that the resident defendants cannot be held liable on any reasonable ground or theory. This standard was adopted in *Rakestraw v. Norris,* 478 S.W.2d 409, 414 (Mo.App.1972). On the *Rakestraw* analysis appellant stated a cause of action against the Schlegels and Navistar in the lawsuit filed in St. Charles County and they did no with an honest belief that they may prove their claims.

The court erred in dismissing on the basis of a finding of fraudulent joinder and lack of venue.

We reverse and remand for trial.

SMITH and KELLY, JJ., concur.