**Patricia GROH and Kenneth Groh, Appellants,**

v.

**NORTH KANSAS CITY DEVELOPMENT COMPANY, Respondent.**

**No. WD 41833.**

Missouri Court of Appeals, Western District.

Oct. 17, 1989.

Sandra P. Ferguson, Ferguson and Ferguson, P.C., North Kansas City, for appellants.

Michael A. Childs, Stacey L. Rainey, Brown, James and Rabbitt, P.C., Kansas City, for respondent.

Before MANFORD, P.J., and SHANGLER and CLARK, JJ.

CLARK, Judge.

Appellants sued respondent for injuries allegedly sustained by Patricia Groh on December 15, 1983 when she fell while walking on the street or sidewalk near defendant's property. The claim was that defendant negligently permitted snow to accumulate and obstruct pedestrian passage. The trial court ordered the petition dismissed and this appeal followed.

The facts relevant to the issue of dismissal of appellants' suit are not in dispute. Appellants gave notice to respondent in 1984 of Patricia's injury and indicated the prospect that a suit might be filed. The claims, however, were not pursued until commencement of the present action on November 10, 1988. In the intervening time, respondent's corporate existence ended. Articles of dissolution of the corporation were filed with the Missouri secretary of state on September 24, 1986 and the corporation was liquidated October 1, 1986. The trial court dismissed appellants' suit relying on § 351.565, RSMo 1986,[1] which requires suits against a dissolved corporation to be commenced within two years of dissolution.

Section 351.565 provides, in effect, that where a corporation is liquidated and therefore ceases to exist, any rights or claims existing or any liability incurred prior to dissolution survives for a period of two years and may be pursued against the corporation, its directors or shareholders, by suit commenced within two years after the filing of articles of dissolution with the secretary of state. In the present case, appellants' suit was obviously filed after the period of limitation had run.

---

1. All statutory citations are to RSMo 1986.

Appellants argue that the trial court's order of dismissal was in error because respondent failed to comply with §§ 351.-470 and 351.475 in that respondent "did not discharge or adequately provide for its liabilities to appellants." The claim is that the letters appellants sent to respondent in 1984 informing the company that Patricia had been injured created a debt, liability or obligation respondent was required to satisfy before the corporation could be dissolved.

Even assuming that an unliquidated claim for damages constitutes a corporate debt, liability or obligation, a doubtful proposition at best, the cited statutes do not lead to the result appellants advocate. Under §§ 351.470 and 351.475, a corporation which is to be dissolved by voluntary action must, in the orderly winding up of its affairs, make provision for payment of its debts. Under the common law, all actions against a corporation abated when it was dissolved. The statute recognizes that prospect and instructs that the corporation must settle its accounts before dissolution. There is, however, no punitive measure contained in the statute for failure to make provision for such payments except the option to creditors under § 351.565.

Prior to 1943, under the corporation code then existing, the statute relieved against the common law rule by providing that claims against a dissolved corporation could be made against the last corporate officers and directors as trustees of and to the extent of corporate assets. In 1943, the statutes were changed to provide the present scheme for survival of actions against the dissolved corporation, if commenced within two years. The history of this legislation is reviewed by Judge Smith in *State ex rel. Eagle Oil Co. v. Tillman*, 712 S.W.2d 20 (Mo.App.1986). That case, as here, a personal injury suit against a dissolved corporation, was filed more than two years after the filing of articles of dissolution of the defendant corporation. The court concluded the two year statute to be an absolute bar of the cause of action and prohibited its prosecution. The case is controlling upon and virtually identical with the subject case.

Appellants' argument seems to be that if a corporation fails to satisfy or otherwise provide for payment of its debts prior to dissolution, it thereby forfeits the benefit of § 351.565 and is presumably continued as a viable entity subject to suit as though dissolution had not occurred. The reasoning is fallacious. The very purpose of § 351.565 is to protect creditors and claimants for whom the corporation made no provision in winding up its business. It is a saving statute and allows creditors who have not been paid and who have not instituted suit an additional two years in which to commence action on the debts owed or claims against the corporation. Once the two years have passed, no suit on corporate obligations may be prosecuted against the corporation or against its shareholders or directors.

Appellants place some reliance on the case of *Goff v. Schlegel*, 748 S.W.2d 813 (Mo.App.1988). In *Goff*, the issue of § 351.565 arose in the context of a venue contest where the defendants were the Schlegels as directors and officers of a defunct Missouri corporation and Navistar, a foreign corporation. The charter of the Schlegels' corporation, Fulton Implement Company, was forfeited more than two years before the current action against them and Navistar was instituted. The court held that § 351.565 did not apply in cases of forfeited corporation charters, only in the liquidation of corporations by voluntary dissolution.[2] The distinction is critical because § 351.565 expressly refers to survival of the remedy against a corporation dissolved by issuance of a certificate of dissolution or by the decree of a court of

---

**2.** We do not agree with the opinion in *Goff* to the extent that it holds a "defunct corporation" may be subject to suit at any time within the statutes of limitation applicable to the causes asserted. Section 351.565 is a saving statute preserving causes which would otherwise expire under the common law. *State ex rel. Eagle Oil Co. v. Tillman*, 712 S.W.2d at 23. If § 351.565 does not apply to corporations which cease to exist because the corporate charter is forfeited then the common law applies and the cause abates when the corporate existence ceases.

equity. *Goff* has no application in the present case.

When appellants allowed two years to pass after the dissolution of respondent corporation without taking action on their claims, the opportunity to sue on the claims expired. The trial court correctly ordered the suit dismissed.

The judgment is affirmed.

All concur.