(235 P.3d 1251)
No. 102,466

ROBERT CHATTERTON, *Appellant*, v. KEITH ROBERTS and
PATRICIA K. LAMAR, *Appellees.*

Opinion filed
April 8, 2010.

*James R. Shetlar*, of James R. Shetlar Law Office, of Overland Park, for appellant.

*Wade J. Thomas*, of Frischer & Associates, Chtd., of Overland Park, for appellee Keith R. Roberts.

*James L. Sanders* and *Alex B. Judd*, of Wallace, Saunders, Austin, Brown & Enochs, Chtd., of Overland Park, for appellee Patricia K. Lamar.

Before RULON, C.J., GREENE, J., and KNUDSON, S.J.

GREENE, J.: Robert Chatterton appeals the district court's dismissal of his personal injury action against Keith Roberts and Patricia Lamar, arguing the court erred in construing and applying K.S.A. 60-518 in a manner that failed to save his action filed outside the applicable statute of limitations. We agree with Chatterton, reverse the district court, and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

After being injured in vehicle collision in Johnson County in March 2006, Chatterton filed a petition in October 2007 against defendants Roberts and Lamar in Jackson County, Missouri, apparently on the mistaken belief that Roberts resided in Missouri. The Missouri court dismissed the action in August 2008 for lack of personal jurisdiction over the defendants. Within 10 days of the dismissal, Chatterton refiled his petition against both defendants in Johnson County District Court.

The defendants then moved the district court in Kansas to dismiss the action based on the expiration of the applicable statute of limitations. The district court dismissed Chatterton's action, reasoning in material part:

"Missouri Rule of Civil Procedure 53.01 provides that a civil action is commenced by filing a Petition with the Court. This Court accepts that a Missouri lawsuit commences upon filing. The Court does believe that there is a saving statute in Missouri just as there is in Kansas.

. . . .

"The Court finds that the saving statute that is procedural in Missouri would not allow this case to be refiled in Missouri because it was dismissed for lack of jurisdiction.

"The Court finds that since the case could not have been saved in Missouri because it lacked jurisdiction, that the lawsuit was void from the beginning. Therefore, there was no lawsuit to save, nor could there ever be a lawsuit to save. As a result, no matter what savings statute is applied, it would make little or no difference because there is no lawsuit to save."

Chatterton timely appeals.

## STANDARD OF REVIEW

The sole question framed by this appeal presents an issue of statutory interpretation, specifically the construction and application of K.S.A. 60-518. This issue is a question of law over which this court has unlimited review. *Double M Constr. v. Kansas Corporation Comm'n*, 288 Kan. 268, 271, 202 P.3d 7 (2009).

## DID THE DISTRICT COURT ERR IN DISMISSING THE ACTION?

We begin by examining the statute at issue, K.S.A. 60-518, which provides:

"If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure."

A panel of our court recently held that, for our savings statute to apply, (1) the first suit must have been filed before the limitations expired or "commenced" within due time, (2) the first suit must have been dismissed for reasons other than the merits of the claim, (3) the second suit must have been filed within 6 months of dismissal of the first suit, and (4) but for the savings statute, the limitations period must have expired when the second suit was filed. *Campbell v. Hubbard*, 41 Kan. App. 2d 1, 2-3, 201 P.3d 702 (2008). The parties essentially agree and the record establishes that (2) through (4) of these requirements are met, but the defendants argue that the first suit was not "commenced" within the statute of limitations because it was dismissed for lack of personal jurisdiction and therefore a nullity under Missouri law.

*Campbell* squarely addressed the issue of which state's law applies to determine whether the first suit was "commenced within due time" when the first suit is filed outside of Kansas. The *Campbell* panel rejected the imposition of the Kansas commencement statute in determining when the lawsuit was commenced in Arizona, finding that such a reading is not required by the Kansas savings statute, which only requires that the action be "commenced

within due time," not "commenced within due time under K.S.A. 60-203." Therefore, when determining whether a suit was "commenced within due time" for the purposes of K.S.A. 60-518, the law of the state of the first filing is applied. Thus, Missouri law applies to determine if the suit was commenced before March 21, 2008.

Missouri Rule of Civil Procedure 53.01 provides that a civil action is commenced "by filing a petition with the court." Although Rule 53.01 previously defined commencement of a civil action as "[t]he filing of a petition and suing out of process therein," the Missouri Supreme Court amended Rule 53.01 in 1972 and removed the "suing out of process" language. Therefore, only the filing of a petition with the court is required to commence an action. The Missouri Supreme Court has held that pursuant to the plain language of Rule 53.01, the rule "requires only the filing of a petition with the court to commence an action." *Ostermueller v. Potter*, 868 S.W.2d 110, 111 (1993). In rejecting an argument identical to that made by defendants here, the Missouri Supreme Court relied on the amendment to Rule 53.01 and stated:

"[The defendant's] contention fails to recognize that this Court amended Rule 53.01 in 1972. The rule no longer includes 'suing out of process'; it requires only the filing of a petition with the court to commence an action. Supreme Court rules govern over contradictory statutes in procedural matters unless the General Assembly specifically annuls or amends the rules in a bill limited to that purpose. [Citations omitted.] The [plaintiffs] filed their first petition within the limitations period; therefore, the action was commenced within the time prescribed. Because the first action was commenced within the time prescribed, the [plaintiffs] may invoke the benefit of the savings statute. [Citation omitted.]" 868 S.W.2d at 111.

The district court seems to have recognized that the action was "commenced" upon filing, but the court then applied the Missouri savings statute to determine that the suit could not be saved in Missouri. This was erroneous; the statute to be construed and applied by Kansas courts to determine whether a refiled action should be saved in Kansas is the Kansas savings statute, K.S.A. 60-518. We look to the law of the state where the first action was filed for the limited purpose of determining "commencement," but it is the Kansas savings statute that must be applied following that deter-

mination. Here, the Missouri Rule of Civil Procedure (which is essentially identical to Rule 3 of the Federal Rules of Civil Procedure) required only filing a petition for technical "commencement" of the action.

On appeal, defendants argue that despite the clear and unequivocal Missouri rule, case law has overlaid a requirement that valid service be obtained on the defendant(s) before the action should be considered "commenced." Defendants rely principally on *Mertens v. McMahon*, 115 S.W.2d 180 (Mo. 1938), which they contend has never been overruled but rather followed in more recent cases. We disagree. The *Mertens* decision predated the most recent amendment to the applicable Missouri Rule of Civil Procedure by nearly 35 years and was superceded by that amendment in that the language "suing out of process" was deleted. More recent Missouri case law cited by defendants does not support any survival or resurrection of the old *Mertens* precept for purposes of determining when a suit is technically "commenced," although we concede that at least one Missouri court has held that the *Mertens* concept had some vitality for purposes of the Missouri savings statute.

In *Singen v. Int'l Ass'n. of Mach., Etc.*, 475 F. Supp. 663 (E.D. Mo. 1979), a federal district court applied the Missouri savings statute in the manner urged by defendants, relying on *Mertens* as quoted in another federal opinion predating the 1972 amendment to the Missouri rule governing "commencement," *Tanner v. Presidents-First Lady Spa, Inc.*, 345 F. Supp. 950 (E.D. Mo. 1972). The decision turned, however, on the lack of diligence of plaintiff to serve the proper defendant for over 6 years, and the court indicates that this situation "is clearly different from those cases where jurisdiction over the defendant was not obtained in the first suit due to an innocent mistake," citing two cases where the opposite conclusion was reached in factual scenarios far more similar to that before us here. 475 F. Supp. at 664. This authority certainly does not convince us that the amended Missouri rule as to commencement should be read to require anything other than filing to establish "commencement."

In *Goff v. Schlegel*, 748 S.W.2d 813 (Mo. App. 1988), the court applied the Missouri savings statute to save plaintiff's personal injury action after the filing and dismissal of at least three prior suits. The issue of commencement does not appear to be of concern to the court, but the defendant there argued that because venue was improper in the last of the three suits, "that court never obtained jurisdiction over [the defendant] and therefore failed to toll the five year statute of limitations." 748 S.W.2d at 817. The court said this argument was defective for several reasons, and even if venue was improper "there was personal jurisdiction over [the defendant] and the five year statute was tolled by the filing of the suit." We understand the court to be recognizing that the concept of jurisdiction is different from the concept of venue, and the key event for commencement was "the filing of the suit." 748 S.W.2d at 817. This authority does not convince us that the amended Missouri rule as to commencement should be read to require anything other than filing to establish "commencement."

In *Cross v. General Motors Corp.*, 778 F.2d 468 (8th Cir. 1985), the court refused to save a suit in applying the Missouri savings statute because the first suit was dismissed for lack of jurisdiction, which the court held was not a "nonsuit" with respect to the defendants—who had never been served in the action. The court cited *Mertens* in refusing to save the plaintiff's second suit filed within 1 year of the disposition of the first suit. Whether this federal application of the Missouri savings statute would survive in light of the Missouri Supreme Court's holding in *Ostermueller* is questionable, but we are not convinced that this federal application of the Missouri savings statute somehow appends a service requirement on Rule 53.01 after the 1972 amendment.

We rely on sound Missouri authorities in holding that "commencement" in Missouri requires only the filing of the plaintiff's petition. Missouri Rule of Civil Procedure 53.01; *Ostermueller*, 868 S.W.2d 110; *Richardson v. Richardson*, 892 S.W.2d 753 (Mo. App. 1994). The district court seems to have found that "commencement" was achieved by mere filing, but it erred in applying the

Missouri savings statute. For this reason, we reverse and remand for further proceedings.

Reversed and remanded.