NOT DESIGNATED FOR PUBLICATION

No. 112,874

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PORTFOLIO RECOVERY ASSOCIATES, LLC,
*Appellee*,

v.

PAMELA KIMREY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Allen District Court; DANIEL D. CREITZ, judge. Opinion filed October 16, 2015. Reversed and remanded with directions.

*Pamela Kimrey*, appellant pro se.

*Marian M. Burns*, of Burns, Burns, Walsh & Walsh, P.A., of Lyndon, for appellee.

Before MALONE, C.J., MCANANY and ATCHESON, JJ.

*Per Curiam*:  Following a bench trial in this Chapter 61 limited action, the Allen County District Court entered judgment for Plaintiff Portfolio Recovery Associates on a credit card debt Defendant Pamela Kimrey owed. Kimrey contends the district court erred in rejecting her statute of limitations defense. Based on the record evidence and the parties' legal positions, we agree with Kimrey and, therefore, reverse the judgment against her and remand with directions that the district court enter judgment in her favor.

The genesis of the $1,789.75 debt is irrelevant to the controlling legal issue, so we dispense with any discussion of it except to note PRA acquired the account from the

company that issued the credit card to Kimrey. The somewhat extended procedural history of PRA's litigation against Kimrey is relevant.

We begin with several givens. First, the parties agree the operative statute of limitations is 3 years for obligations on unwritten contracts, as provided in K.S.A. 60-512. The parties also agree the claim against Kimrey for breach of the credit card agreement accrued on July 15, 2010, thus triggering the limitations period. We premise our legal analysis on those agreements, as did the district court. As the final given, Kimrey has been a resident of Bourbon County throughout the time pertinent to this dispute. But through no fault of her own, Kimrey has a mailing address that would somewhat misleadingly suggest she resides in Allen County.

PRA filed a Chapter 61 action against Kimrey in Allen County on April 30, 2012. The Allen County Sheriff did not serve Kimrey; the return indicates the address to be in Neosho County rather than Allen County. On August 15, 2012, PRA dismissed the action without prejudice and without having served Kimrey.

PRA then filed a Chapter 61 action in Neosho County. That action was later dismissed without service having been made on Kimrey.

PRA filed a motion in Allen County to "reinstate" the Chapter 61 action that had been dismissed. A district magistrate judge granted the motion, thereby reviving the Chapter 61 action that had been filed on April 30, 2012. And that is the case now in front of us. Although PRA could have filed a new action, the record is clear that it did not. On November 27, 2013, the Bourbon County Sheriff made residential service of process on Kimrey.

Kimrey duly responded and properly raised an affirmative defense based on the running of the statute of limitations. Kimrey did not challenge the propriety of venue in

2

Allen County. But in a civil suit, improper venue is waived if it is not asserted. See K.S.A. 60-212(b)(6); *In re Marriage of Powell*, 13 Kan. App. 2d 174, Syl. ¶ 2, 766 P.2d 827, *rev. denied* 244 Kan. 737 (1989). A district magistrate judge found for PRA. Kimrey appealed to the district court, securing a trial de novo.

After hearing evidence, the district court took the statute of limitations issue under advisement. In a written decision, the district court found Kimrey's defense undercut by K.S.A. 60-518, a savings statute that tolls the controlling statute of limitations when an action is dismissed other than on the merits and the plaintiff files a new action within 6 months. The district court found PRA had otherwise proved its claim against Kimrey and entered judgment in the company's favor. Kimrey has timely appealed.

Because the statute of limitations issue is dispositive, we need not address the parties' other arguments. We perceive no disputed facts related to the issue, so it presents a question of law over which we exercise unlimited review. See *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010); *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, 258-59, 261 P.3d 943 (2011).

Here, the parties agree a 3-year limitations period controls and began to run on July 15, 2010. PRA, therefore, had to commence a legal action against Kimrey by July 15, 2013, to meet that deadline, absent a recognized exception extending the time. See K.S.A. 61-2902(d) (expressly incorporating for Chapter 61 actions the statutes governing limitations periods in Chapter 60, article 5). As provided in K.S.A. 61-2902(a), a Chapter 61 action is "commenced" when a petition is filed so long as the defendant is served with process within 90 days; and if not, the action is commenced when the defendant is actually served.

Kimrey was served on November 27, 2013, well beyond the 3-year deadline. The district court correctly recognized that chronology, and PRA's apparent failure to timely

commence the action. As we have indicated, however, the district court concluded K.S.A. 60-518 provided an exception to the limitations bar in this case. We disagree.

In pertinent part, K.S.A. 60-518 provides: "If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff . . . may commence a new action within six (6) months after such failure." Parsing the language of K.S.A. 60-518 demonstrates the inapplicability of the statute in this case. The statute requires a plaintiff to *timely commence* a civil action only to have the action dismissed other than on the merits. In that situation, the plaintiff may file a *new action* within 6 months of the dismissal even if the governing statute of limitations expires during that 6-month period. See *Smith v. Graham*, 282 Kan. 651, 664, 147 P.3d 859 (2006).

PRA had not "commenced" the Allen County action when it was dismissed, since Kimrey had never been served. That alone precludes applying K.S.A. 60-518. *Newell v. Brollier*, 239 Kan. 587, 589, 722 P.2d 528 (1986). Second, PRA did not file a new action; it reinstated the original action. That choice represents another, independent reason K.S.A. 60-518 doesn't apply. Finally, even if K.S.A. 60-518 were otherwise applicable, PRA dismissed the Allen County action on August 15, 2012, so the statutory 6-month period ran from that date through February 15, 2013. Because that's before the statute of limitations would have run on the claim in any event, K.S.A. 60-518 wouldn't have helped PRA. The district court incorrectly construed K.S.A. 60-518 as adding 6 months to the governing statute of limitations. But K.S.A. 60-518 simply provides a 6-month window for filing a new action. See *Chatterton v. Roberts*, 44 Kan. App. 2d 22, 24, 235 P.3d 1251 (2010). In short, PRA cannot rely on K.S.A. 60-518 as an exception to the governing statute of limitations.

PRA, therefore, did not timely commence the Chapter 61 action against Kimrey. The district court erred in rejecting Kimrey's affirmative defense asserting a statute of

limitations bar. On this record, the bar applies. The district court should have entered judgment for Kimrey.

Reversed and remanded with directions to the district court to enter judgment for Defendant Kimrey and to otherwise proceed in conformity with this decision.