DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**CONSERVATION ALLIANCE OF ST. LUCIE COUNTY INC.,** and
**TREASURE COAST ENVIRONMENTAL DEFENSE FUND, INC.** a/k/a
**INDIAN RIVERKEEPER, INC.,**
Appellants,

v.

**FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION**,
**ALLIED UNIVERSAL CORPORATION,** and **CHEM-TEX SUPPLY
CORPORATION,**
Appellees.

No. 4D13-3504

[August 6, 2014]

Appeal from the State of Florida, Department of Environmental Protection, DOAH Case No. 10-3807.

Sarah Hayter and Robert Hartsell of Robert N. Hartsell, P.A., Pompano Beach, for appellant.

Matthew Z. Leopold, General Counsel, W. Douglas Beason and David K. Thulman, Assistant General Counsels, Tallahassee, for appellee Florida Department of Environmental Protection.

Daniel K. Bandklayder of Daniel K. Bandklayder, P.A., Miami, for appellee Allied Universal Corporation.

C. Anthony Cleveland and Timothy P. Atkinson of Oertel, Fernandez, Bryant & Atkinson, P.A., Tallahassee, for appellee Chem-Tex Supply Corporation.

DAMOORGIAN, C.J.

Appellants, Conservation Alliance of St. Lucie County, Inc. and Treasure Coast Defense Fund, Inc. a/k/a Indian Riverkeeper, appeal the Florida Department of Environmental Protection's ("FDEP") final order dismissing their petition for a formal administrative proceeding. We affirm because Appellants do not have standing to initiate an

administrative proceeding pursuant to section 403.412(6), Florida Statutes (2010).

In 2010, Allied Universal Corporation ("Allied") and Chem-Tex Supply Corporation ("Chem-Tex") negotiated a settlement agreement with FDEP to remediate soil and groundwater contamination at a bleach-manufacturing and chlorine-repackaging facility owned by Allied and Chem-Tex. Dissatisfied with its terms, Appellants petitioned for an administrative hearing to challenge the settlement agreement. They claimed standing under section 403.412(6), Florida Statutes, which grants automatic standing to certain Florida corporations to initiate an administrative proceeding. The statute provides that

> [a]ny Florida corporation not for profit which has at least 25 current members residing within the county where the activity is proposed, and which was formed for the purpose of the protection of the environment, fish and wildlife resources, and protection of air and water quality, may initiate a hearing pursuant to s. 120.569 or s. 120.57, provided that the Florida corporation not for profit was formed at least 1 year prior to the date of the filing of the application for a permit, license, or authorization that is the subject of the notice of proposed agency action.

§ 403.412(6), Fla. Stat.

An administrative law judge ("ALJ") entered a recommended order of dismissal, finding that Appellants did not have standing to challenge the settlement agreement. The ALJ concluded that the settlement agreement resolved an enforcement action and thus, does not constitute a "permit, license, or authorization" within the meaning of the statute. FDEP adopted the ALJ's recommended order in its entirety and entered a final order dismissing Appellants' administrative petition. This appeal follows.

Although we conduct a *de novo* review of cases involving an agency's statutory interpretation, we defer to the agency's interpretation of a statute it is given the power and duty to administer when that interpretation is reasonable. *Capo v. Fla. Pub. Emps. Council 79*, 82 So. 3d 1116, 1119 (Fla. 4th DCA 2012). Because we hold that FDEP's reading of section 403.412(6) is reasonable, we affirm the order dismissing Appellants' administrative petition for lack of standing.

"As with the interpretation of any statute, the starting point of analysis is the actual language of the statute." *Brown v. City of Vero*

*Beach*, 64 So. 3d 172, 174 (Fla. 4th DCA 2011) (citing *Cont'l Cas. Co. v. Ryan Inc. E.,* 974 So. 2d 368, 374 (Fla. 2008)). If the language is clear and unambiguous, there is no need to resort to the rules of statutory construction; "the statute must be given its plain and obvious meaning." *Samples v. Fla. Birth-Related Neurological*, 40 So. 3d 18, 21 (Fla. 5th DCA 2010) (quoting *GTC, Inc. v. Edgar,* 967 So. 2d 781, 785 (Fla. 2007)). However, if a statute is subject to multiple interpretations, the rules of statutory construction apply. *Id.* (citing *GTC, Inc.*, 967 So. 2d at 785). "It is an elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage." *Hechtman v. Nations Title Ins. of N.Y.*, 840 So. 2d 993, 996 (Fla. 2003).

The language of section 403.412(6) is not ambiguous. The statute is clearly premised upon an *application for the permit, license, or authorization* that the complaining party seeks to challenge. This case does not concern an application for a permit, license, or authorization. Rather, it involves a third-party challenge to a settlement agreement. Accordingly, we hold that Appellants do not have standing to challenge the settlement agreement under section 403.412(6), Florida Statutes (2010).

*Affirmed.*

FORST, J., and HANZMAN, MICHAEL, Associate Judge, concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**