Harold E. BENSON, et al., Plaintiffs-Appellants,

v.

GENERAL MOTORS CORPORATION, a corporation; and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Defendants-Appellees.

No. 82–7015.

United States Court of Appeals, Eleventh Circuit.

Oct. 7, 1983.

Jack Drake, Ray Ward, Tuscaloosa, Ala., for plaintiffs-appellants.

Stanford, Fagan & Giolito, Robert S. Giolito, Atlanta, Ga., for Int'l Union, United Auto. & Agri. Implement Workers.

Lange, Simpson, Robinson & Somerville, Charles A. Powell, III, Daniel Gerard Galant, Birmingham, Ala., for General Motors Corp.

Michael Nicholson, Detroit, Mich., for Intern. Union-UAW.

Before HILL and VANCE, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

Plaintiffs/appellants are all employees of appellee General Motors Corporation and are members of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"). Appellants allege that in 1978 GM and the UAW entered into an agreement whereby persons employed in GM's plants throughout the United States would be given "preferential consideration" for hiring in certain new GM plants being opened primarily in the southeast. As part of this preferential consideration, an employee would give up any seniority he had established in his or her existing job as well as any right to be reemployed there but would be accorded "preferential consideration" at the new plants. Appellants had established seniority in their jobs at various plants throughout the United States. Each appellant, however, accepted GM's offer to transfer them to GM's new plant in Tuscaloosa, Alabama with preferential consideration. Appellants were hired into the Tuscaloosa plant on various dates between July 1979 and April 1980.

Plaintiffs contend that they were not accorded preferential consideration, that 150 other persons were hired by the Tuscaloosa plant who were given higher seniority status, and that consequently all plaintiffs were laid off at the Tuscaloosa plant.

On March 19, 1981, appellants filed the present class action against GM and the UAW pursuant to 28 U.S.C. § 1337 and § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. In their complaint, appellants alleged that GM had breached its contract with appellants and that the UAW had breached its duty of fair representation to appellants and the class they represent. The district judge granted appellees' motion for summary judgment on the ground that the appellants' § 301 claim was barred by the six month limitation period prescribed by § 10(b) of the National Labor Relations Act, 539 F.Supp. 55. We vacate and remand with instructions.

In *Del Costello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that § 10(b)'s six month period for filing unfair labor practice charges applies to a § 301 fair representation action brought by an employee against her employer and/or her union. The sole question in this appeal is therefore whether the six month period began to run when appellants were laid off in October 1980 or at some earlier time.

The national agreement between GM and the UAW provides that:

Up-to-date seniority lists shall be made available to all employees for their inspection within the plant either by posting where practical or by a satisfactory equivalent method. The method of displaying seniority lists is a matter for local negotiation.

The seniority list shall contain each employe's [sic] name, occupational group, plant seniority date, his skilled trades date of entry or his skilled trades seniority date. This will not require a change in any mutually satisfactory local practice now in effect.[1]

If these lists were posted at the Tuscaloosa plant as required by the national agreement between GM and the UAW, plaintiffs' inferior seniority status would have been apparent to plaintiffs either at the time they were hired or shortly thereafter. In either event, plaintiffs would have been aware of their § 301 claim more than six

---

1. In its brief, appellee GM refers to the national agreement as Exhibit A to Ralph Handley's affidavit. The affidavit refers to Exhibit A as the "collective bargaining agreement between General Motors and the United Auto Workers" and to Exhibit B as "part of the Constitution of the United Auto Workers of America which provides internal appeals procedures ...." These exhibits are currently not contained in the record volume and were presumably inad- vertently retained by counsel in preparing their briefs on appeal. Since no party questions the accuracy of GM's quotation from Exhibit A, we assume that the quotation accurately reflects the content of the collective bargaining agreement. On remand, however, the district court should examine the exhibits themselves to ensure that the quotation relied upon by this court truely reflects the content of exhibits themselves.

months before they filed the present action. The injury of which appellants complain is their loss of seniority. Appellants should have known of this loss when the seniority lists were posted. *See Amcar Division, ACF Industries, Inc. v. NLRB,* 592 F.2d 422, 430–31 (8th Cir.1979). Plaintiffs' injury, the loss of seniority, manifested itself in many forms including their layoff. For the purpose of determining when the § 10(b) period begins to run, we look to when plaintiffs either were or should have been aware of the injury itself, not to when plaintiffs became aware of one of the injury's many manifestations. *See NLRB v. Auto Warehousers, Inc.,* 571 F.2d 860, 864–65 (5th Cir. 1978). As movants for summary judgment, GM and the UAW bear the burden of showing that everything in the record demonstrates that no genuine issue of material fact exists. *Bullard v. OMI Georgia, Inc.,* 640 F.2d 632, 633–34 (5th Cir. Unit B 1981); Fed.R.Civ.P. 56(c). Appellees have not satisfied this burden. The record contains no evidence that the required seniority list was in fact posted at the Tuscaloosa plant. Whether these lists were actually posted is a material issue upon which resolution of the statute of limitation period questions turns.

The judgment of the district court is therefore vacated and remanded in order to determine whether the seniority lists were posted in accordance with the national contract or, if not, when appellants knew of, or should have known of their lower seniority status. If the district court finds it to be undisputed that this list was posted, the court is instructed to reinstate its judgment.

VACATED and REMANDED with Instructions.