769 F.2d 1520
 120 L.R.R.M. (BNA) 2587, 103 Lab.Cas. P 11,709
 Donald W. HAYES, Plaintiff-Appellant,
v.
REYNOLDS METALS COMPANY, Sheffield, Alabama, and
International Union of Operating Engineers, Local
Union 320 and 320 A, B, C, Defendants-Appellees.
 No. 84-7366.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 3, 1985.
 
 Stanley E. Munsey, Rosser & Munsey, Tuscumbia, Ala., for plaintiff-appellant.
 Rhea Boyd & Rhea, Donald H. Rhea, Gadsden, Ala., for Local 320.
 Vincent McAlister, Almon McAlister Ashe Baccus & Smith, Tuscumbia, Ala., for Reynolds.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before TJOFLAT and VANCE, Circuit Judges, and ATKINS*, District Judge.
 PER CURIAM:
 
 BACKGROUND
 
 1
 Appellant Donald Hayes was employed at the Reynolds Metals plant ("Reynolds") in Listerhill, Alabama and was a member of the International Union of Operating Engineers, Local 320 ("Union"). On February 26, 1982 unit employees voted to combine two job classifications on the seniority roster governing Hayes' employment. Hayes alleges that this consolidation adversely affected his seniority status in contravention of the collective bargaining agreement between the Union and Reynolds. On March 4, 1982 Hayes was laid off by Reynolds. On the same date, Hayes filed a grievance pursuant to the collective bargaining agreement. Hayes pursued his grievance through the preliminary stages of the grievance mechanism. At each stage, the Union and Reynolds failed to reach an agreement satisfactory to Hayes. Finally, Hayes requested the Union to take his grievance to the final stage--arbitration. The Union executive board voted unanimously not to process Hayes' grievance in arbitration and notified him in a letter dated June 17, 1982.
 
 
 2
 On September 16, 1982, Hayes filed suit in the district court alleging a violation by Reynolds of the collective bargaining agreement under section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and a violation by the Union of its "duty of fair representation." The district court dismissed Hayes' complaint against both Reynolds and the Union as barred by the statute of limitations. 585 F.Supp. 508 (N.D.Ala.1984), this appeal ensued.
 
 DISCUSSION
 
 3
 In DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court ruled that the appropriate statute of limitations for "hybrid" actions (i.e., cases involving both claims against the employer under section 301 and claims against the Union for breach of the duty of fair representation) is six months.[1] The district court reasoned that regardless of whether Hayes' cause of action had accrued on February 26, 1982 (the day Union members voted to consolidate the seniority lists), or March 4, 1982 (the day Hayes was laid off), six months had passed by the time Hayes filed his lawsuit on September 16, 1982. The court held, therefore, that DelCostello required the dismissal of Hayes' case. Because we believe that under DelCostello Hayes' cause of action accrued on June 17, 1982, when the Union notified Hayes that it would not arbitrate his grievance, we reverse the district court's ruling and remand for trial.
 
 
 4
 "To prevail against either the company or the Union, [Hayes] must show not only that [his] discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union." Hines v. Anchor Motor Freight, 424 U.S. 554, 570-71, 96 S.Ct. 1048, 1059-60, 47 L.Ed.2d 231 (1976). Where, as here, the collective bargaining agreement contains a grievance procedure, the aggrieved worker also must ordinarily exhaust his contractual remedies before suing in federal court. Republic Steel Corp. v. Maddox, 379 U.S. 650, 652, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965). Judicial review of the decision rendered by the grievance procedure is quite narrow; ordinarily, the worker will be bound by the result. United Steelworkers v. Enterprise Wheel and Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). The Supreme Court recognized the need for the hybrid cause of action, however, because the strict rule of limited judicial review "works an unacceptable injustice when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." DelCostello, 462 U.S. at 163, 103 S.Ct. at 2290. Hayes' hybrid action presents such a dual claim. He alleges both that Reynolds improperly discharged him and that the Union failed in its duty to represent him by refusing to take his complaint to arbitration with Reynolds.
 
 
 5
 The district court accurately understood DelCostello to hold that a "plaintiff must file his suit within six months from the date upon which his 'cause of action accrued' " (quoting DelCostello, 462 U.S. at 171, 103 S.Ct. at 2294). The district court erred, however, when it stated that "[t]he accrual here took place when the merger of the seniority rosters became effective and certainly no later than plaintiff's termination." As explained above, a cause of action for breach of the duty of fair representation accrues at the point where the grievance procedure has been exhausted or otherwise breaks down to the employee's disadvantage. It is only at this point that the employee is cognizant of any alleged breach of the duty owed him by the union. This is, of course, fully consistent with the employee's obligation to make use of the grievance procedure provided by the agreement. See Vaca v. Sipes, 386 U.S. 171, 184-85, 87 S.Ct. 903, 913-14, 17 L.Ed.2d 842 (1967); Maddox, 379 U.S. at 653, 85 S.Ct. at 616. For Hayes, the grievance process ended on June 17, 1982, when the Union formally notified him of its decision not to arbitrate. He would have six months from that date to bring a hybrid claim.[2]
 
 
 6
 Our determination is consistent with the rule in this circuit. In Rogers v. LockheedGeorgia Co., 720 F.2d 1247 (11th Cir.1983), cert. denied, --- U.S. ----, 105 S.Ct. 292, 83 L.Ed.2d 227 (1984), this court held that the DelCostello statute of limitations applied retroactively to hybrid causes of action which had accrued prior to that decision date. After announcing its decision, the Rogers court went on to decide the six cases which had been consolidated for review. In all six cases, the court measured the six month statute of limitations from the date on which the employee's grievance was rejected (or not processed by the union) to the date on which the plaintiff had filed suit in district court. Rogers, 720 F.2d at 1250. See also Samples v. Ryder Truck Lines, Inc., 755 F.2d 881, 887 n. 4 (11th Cir.1985); Hand v. International Chemical Workers Union, 712 F.2d 1350, 1351 (11th Cir.1983), modifying 681 F.2d 1308 (11th Cir.1982) (amended in light of DelCostello).[3]
 
 
 7
 In light of the foregoing, the district court's judgment must be reversed and remanded for a trial on the merits of Hayes' hybrid action.[4] Hayes was notified by letter dated June 17, 1982, that the union would not take his claim to arbitration. At that point, the grievance process came to a halt. He filed suit on September 16, 1982, three months later, well within the statute of limitations announced in DelCostello.
 
 
 8
 REVERSED and REMANDED.
 
 
 
 *
 Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by designation
 
 
 [1]
 The Court adopted the six month statute of limitations for hybrid actions from section 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b), which provides complainants six months to bring charges of unfair labor practices before the NLRB. See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 155, 103 S.Ct. 2281, 2285, 76 L.Ed.2d 476 (1983)
 
 
 [2]
 Our decision is completely consistent with the factual outcome in DelCostello. DelCostello involved two consolidated cases. In the first, the Court dated petitioner DelCostello's claim from the time the union-management grievance committee rendered its decision, not from his date of discharge. The Court likewise calculated the accrual of the cause of action in the second case from the date that the arbitrator issued his award. See DelCostello, 462 U.S. at 170, 103 S.Ct. at 2294. It is thus clear that under DelCostello a hybrid cause of action under Sec. 301/duty of fair representation accrues at the point when the grievance procedure comes to a halt, not when the alleged violation of the collective bargaining agreement occurred
 
 
 [3]
 Benson v. General Motors Corp., 716 F.2d 862 (11th Cir.1983), relied upon by the district court, does not require a contrary ruling. Benson recognized the six month limitations rule established in DelCostello, but considered only the question of when the employees knew or should have known of their loss of seniority. Id. at 863. The court never mentioned the existence of a grievance procedure nor discussed the employees' use of one. Id. at 863-64. The issue of a breakdown of the mandatory grievance process was not before the Benson court
 
 
 [4]
 The parties have briefed another issue: whether the collective bargaining agreement required the union to take Hayes' case to arbitration. After deciding that the statute of limitations barred Hayes' hybrid claim, the court discussed whether "plaintiff still has a distinct cause of action created by the Union's failure to take his grievance to arbitration." The district court strongly implied that the agreement did not require arbitration of all employee grievances, but dismissed Hayes' hybrid claim solely on statute of limitation grounds. The apparent conflict between the express language of the collective bargaining agreement and the defendants' contention presents a triable issue. Thus, we remand for adjudication of all the issues, including whether the Union breached its duty to Hayes because the collective bargaining agreement required it to take all grievances to arbitration