NOT DESIGNATED FOR PUBLICATION

No. 118,329

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RAKESH SRIVASTAVA and SHARMILA SHANKAR,
*Appellants*,

v.

UNIVERSITY OF KANSAS, a/k/a UNIVERSITY OF KANSAS MEDICAL CENTER,
a/k/a STATE OF KANSAS (HARTMUT JAESCHKE, CODY TULLY,
PAUL TERRANOVA, and ROY JENSEN),
*Appellees*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; CONSTANCE M. ALVEY, judge. Opinion filed April 13, 2018. Affirmed.

*Albert F. Kuhl*, of Law Offices of Albert F. Kuhl, of Lenexa, for appellants.

*Michael C. Leitch*, associate general counsel and special assistant attorney general, of University of Kansas, for appellees.

Before SCHROEDER, P.J., GREEN, J., and STUTZMAN, S.J.

PER CURIAM: Dr. Rakesh Srivastava and Dr. Sharmila Shankar, who are husband and wife, both worked for the University of Kansas Medical Center (KUMC). For different reasons, KUMC terminated Dr. Srivastava's and Dr. Shankar's employment. Believing that they were wrongfully terminated, Dr. Srivastava and Dr. Shankar sued University of Kansas (KU), as the institutional organization governing KUMC. Later, however, Dr. Srivastava and Dr. Shankar amended their petition to also name Hartmut

1

Jaeschke, Cody Tully, Dr. Paul Terranova, and Dr. Roy Jensen (the KUMC employees) as defendants. They then voluntarily dismissed their claims against KU with prejudice.

Dr. Srivastava and Dr. Shankar seemingly believe that the KUMC employees violated their substantive due process rights and equal protections rights under the Fourteenth Amendment to the United States Constitution when the KUMC employees terminated their employment; they raised their arguments under 42 U.S.C. § 1983 (2012). The KUMC employees, however, successfully moved to dismiss Dr. Srivastava's and Dr. Shankar's § 1983 claims as time barred under the two-year statute of limitations. Dr. Srivastava and Dr. Shankar appeal this ruling. Dr. Srivastava argues that the trial court used the wrong starting date when finding that his § 1983 claims were time barred. Dr. Shankar argues that the trial court incorrectly applied the savings statute, which she believes saves her § 1983 claims when applied correctly.

Nevertheless, as explained below, neither Dr. Srivastava's nor Dr. Shankar's arguments are correct. Consequently, we affirm the dismissal of their respective § 1983 claims against the KUMC employees as time barred.

*KUMC Hires Dr. Srivastava and Dr. Shankar*

On September 21, 2009, KUMC hired Dr. Srivastava and Dr. Shankar. KUMC hired Dr. Srivastava as a tenured professor; his position carried continuous tenure upon approval by the Board of Regents. KUMC hired Dr. Shankar as an associate professor, a nontenured position that had the possibility of becoming tenured upon review. Dr. Shankar's employment contract with KUMC was a 12-month academic appointment that "was subject to annual renewal." Dr. Shankar's position was also a full-time position.

2

*KUMC Terminates Dr. Shankar*

In January 2013, KUMC learned that Dr. Shankar had accepted a 5/8ths position at the Kansas City Veterans Affairs Hospital (VA Hospital). KUMC notified Dr. Shankar that her 5/8ths position at the VA Hospital violated both KU's and the Board of Regents' conflict of interest policies. For this reason, KUMC told Dr. Shankar it could no longer employ her as an associate professor with the possibility of becoming tenured. Instead of terminating her employment, KUMC offered Dr. Shankar the new position of research associate professor. As a research associate professor, in addition to not having the possibility of tenure, Dr. Shankar could work only as a part-time associate professor. The position remained a 12-month academic appointment that could be renewed "upon mutual agreement."

Although Dr. Shankar did not sign the employment contract included in the record on appeal, Dr. Shankar evidently accepted the position of research associate professor because KUMC ultimately terminated Dr. Shankar's employment. On October 1, 2013, KUMC provided Dr. Shankar with official notice that her position of research associate professor had been eliminated because of funding. KUMC notified Dr. Shankar that her last day of work would be October 31, 2013.

On November 12, 2014, Dr. Shankar, acting pro se, filed a petition in the United States District Court of Kansas naming KUMC, Dr. Paul Terranova, Dr. Roy Jensen, and several other individuals as defendants. According to the appearance docket, which is the only information concerning Dr. Shankar's federal case included in the record on appeal, Dr. Shankar's petition contained allegations of employment discrimination. On September 21, 2015, Dr. Shankar voluntarily dismissed her case without ever serving process on any of the listed defendants.

*KUMC Terminates Dr. Srivastava*

On July 3, 2014, KUMC provided Dr. Srivastava with official notice that KUMC was terminating his employment; Dr. Srivastava was placed upon administrative leave until his final date of employment on July 10, 2014. KUMC's notice stated that it terminated Dr. Srivastava for "research misconduct in the form of plagiarism" following a review by its Research Misconduct Committee. KUMC alleged that Dr. Srivastava had plagiarized the work of a Harvard Medical School doctor in an attempt to obtain grant money. The plagiarism was discovered when Dr. Srivastava submitted the plagiarized grant proposal to the National Institute of Health (NIH) after the Harvard Medical School doctor had already submitted her grant proposal to the NIH.

Dr. Srivastava appealed the termination of his employment through KU's administrative appeals process, but his termination was upheld. On January 9, 2015, KU's Executive Vice Chancellor sent a letter stating that Dr. Srivastava had lost his appeal and that the letter "serve[d] as notice of final agency action by the University of Kansas."

*Dr. Srivastava and Dr. Shankar Jointly File Suit*

On February 25, 2016, Dr. Srivastava and Dr. Shankar, who were now both represented by counsel Albert F. Kuhl, filed a petition in the Wyandotte County District Court against "the University of Kansas a/k/a the University of Kansas Medical Center a/k/a the State of Kansas." In this petition, Dr. Srivastava and Dr. Shankar alleged the following: (1) that KU had retaliated against them by terminating their employment in violation of Kansas public policy; (2) that "defendant KU" had breached their respective employment contracts; and (3) that "defendant KU" had implied employment contracts with them, which it had also breached. Concerning their retaliation claims, Dr. Srivastava and Dr. Shankar asserted that they had "registered express and repeated expressions of concern to individuals in positions of supervision and/or authority over [their] unlawful

4

activities surrounding the grant funds [they] oversaw, which activities included the improper accounting of funds utilized under the grant(s) at issue."

On May 23, 2016, KU, as the institutional organization governing KUMC, responded on behalf of all the parties. KU asserted that Dr. Srivastava's and Dr. Shankar's petition should be dismissed. KU argued that Dr. Srivastava's and Dr. Shankar's retaliation claims were actually whistleblowing claims, which they were required to bring under the Kansas Judicial Review Act (KJRA). They also argued that the claims were otherwise time barred under the KJRA. KU made the same arguments about Dr. Srivastava's and Dr. Shankar's breach of contract claims.

On June 14, 2016, Dr. Srivastava and Dr. Shankar moved to amend their petition. In this motion, Dr. Srivastava and Dr. Shankar voluntarily dismissed the breach of contract claims but also argued that the trial court should reject KU's arguments regarding the KJRA being their exclusive remedy for whistleblower-retaliation claims. Dr. Srivastava and Dr. Shankar attached their proposed first amended petition to their motion to amend. In addition to the whistleblower-retaliation claims, in the proposed first amended petition, Dr. Srivastava and Dr. Shankar both individually sought relief against "defendant KU" under 42 U.S.C. § 1983.

Dr. Srivastava argued that "[d]efendent KU, acting under the color of state law," violated his substantive due process rights under the Fourteenth Amendment to the United States Constitution, when it wrongfully terminated his employment. Termination of his employment deprived him of the following: (1) a property interest in his tenure; (2) a property interest in his salary; and (3) "a liberty interest in his ability to make and/or earn a living in his capacity as a professor and tenured faculty member at KU . . . ." Moreover, Dr. Srivastava asserted that KU violated his equal protection rights under the Fourteenth Amendment to the United States Constitution because KU "subjected [him] to unequal and disparate treatment as compared to persons similarly situated to him" but not

5

of his "suspect class." Dr. Shankar's § 1983 claims, even the arguments about having a property interest by being tenured, were identical to Dr. Srivastava's claims. She asserted that KU violated her substantive due process rights and equal protection rights by wrongfully terminating her employment. Both Dr. Srivastava and Dr. Shankar requested that KU pay them monetary damages exceeding $75,000 and reinstate them to their former positions.

KU responded that it did not oppose Dr. Srivastava's and Dr. Shankar's motion to amend their petition to add their § 1983 claims "but expressly preserve[d] all defenses and arguments to any allegation, claim or cause of action asserted or relief sought by the proposed amended petition."

On July 25, 2016, the trial court dismissed Dr. Srivastava's and Dr. Shankar's whistleblowing-retaliation claims. It held that Dr. Srivastava and Dr. Shankar were required to raise these claims under the KJRA, which they had failed to do in a timely manner. Then, the trial court ruled that Dr. Srivastava's and Dr. Shankar's remaining claims in the amended petition, that is, the § 1983 claims, were "deemed filed as of July 25, 2016."

On August 15, 2016, KU filed another motion to dismiss. In this motion, KU asserted that Dr. Srivastava's and Dr. Shankar's § 1983 were both barred under the doctrine of sovereign immunity. KU also asserted that even if their arguments were not barred by sovereign immunity, Dr. Shankar's individual § 1983 claim was time barred under the applicable two-year statute of limitations.

On September 6, 2016, Dr. Srivastava and Dr. Shankar responded to KU's latest motion to dismiss by moving to amend their petition once again. Dr. Srivastava and Dr. Shankar explained that in their proposed second amended petition, they named four individuals who were employed at KUMC, who they intended to sue both "in their

6

individual and official capacities" under § 1983. They argued because they now named individual persons in their petition, KU's arguments about sovereign immunity were no longer valid. Dr. Shankar further asserted that KU's argument about her § 1983 claim being time barred was meritless because her claim was saved under Kansas' savings statute; she asserted she complied with the statute's requirement to file the claims in this case within six months of voluntarily dismissing her federal case.

Dr. Srivastava's and Dr. Shankar's attached proposed second amended petition named KU, KUMC, the State of Kansas, and the KUMC employees as defendants. At the outset of the proposed second amended petition, Dr. Srivastava and Dr. Shankar stated that the KUMC employees "held a supervisory role and/or managerial position over either or both plaintiffs during periods of time relevant to the matters at issue herein. [They were] sued for damages in his individual capacity and for declaratory and/or injunctive relief in his individual capacity." Nothing else concerning the KUMC employees was added to the proposed second amended petition. Further, Dr. Srivastava's and Dr. Shankar's actual § 1983 claims, alleging that "defendant KU" violated their substantive due process and equal protection rights remained identical to their claims in their first amended petition.

On October 12, 2016, the trial court held a hearing on the parties' motions. The transcript of this hearing has not been included in the record on appeal. Nevertheless, the docketing appearance included in the record on appeal states that at this hearing, the trial court gave Dr. Srivastava and Dr. Shankar leave to file their second amended petition while ultimately resetting the hearing on KU's motion to dismiss. Dr. Srivastava and Dr. Shankar filed their second amended petition with the court on December 19, 2016.

On March 28, 2017, Dr. Srivastava and Dr. Shankar entered into a joint stipulation with KU that KU would be dismissed from the case with prejudice. At the same time, Megan K. Walawender, who had represented KU in the lawsuit to that point and

7

represented the KUMC employees afterwards, accepted service of process for the KUMC employees. The parties agreed that the service on the KUMC employees would be "deemed binding as of March 8, 2017."

Next, on April 12, 2017, the KUMC employees moved to dismiss Dr. Srivastava's and Dr. Shankar's second amended petition. In their motion, the KUMC employees asserted that Dr. Srivastava's and Dr. Shankar's § 1983 claims were still barred by sovereign immunity. Next, they argued that both Dr. Srivastava's and Dr. Shankar's § 1983 claims were barred under the applicable two-year statute of limitations. The KUMC employees explained that more than two years had passed between the date of Dr. Srivastava's and Dr. Shankar's respective terminations and the date they had been added as parties to the lawsuit. They argued that K.S.A. 2017 Supp. 60-215(c)(3)'s provision allowing new parties to relate back to the original filing did not apply, in part, because there had never been a mistake as to any of the defendants' identities. Concerning Dr. Shankar specifically, the KUMC employees asserted that the savings statute did not save Dr. Shankar's § 1983 claims because her federal case never commenced; they also argued that she had failed to comply with the statute's specific time requirements because she still had time to timely file her § 1983 claims when she voluntarily dismissed her federal case. Last, the KUMC employees asserted that apart from the preceding, Dr. Srivastava and Dr. Shankar failed to state a claim upon which relief could be granted.

Dr. Srivastava and Dr. Shankar responded that the trial court should reject all of the KUMC employees' arguments. Regarding the KUMC employees' statute of limitations arguments, Dr. Srivastava asserted that the KUMC employees were using the wrong starting date for the two-year statute of limitations. He argued that the statute of limitations did not start to run until he received the January 9, 2015 letter from KU's Executive Vice Chancellor telling him he had lost his administrative appeal. Dr. Shankar countered that the KUMC employees' arguments about the applicability of the savings statute were incorrect because they were relying upon Kansas' definition of

8

"commencement of action," which required parties to serve process on defendants for an action to commence, instead of the federal definition of "commencement of action," which simply required parties to file a petition for an action to commence.

In the end, the trial court accepted the KUMC employees' arguments that Dr. Srivastava's and Dr. Shankar's § 1983 claims were time barred. On August 8, 2017, the trial court entered the following order:

> "Defendants moved for dismissal of Plaintiffs' claims for violation of substantive due process rights and violation of equal protection rights under 42 U.S.C. 1983, arguing that such claims were not commenced within the two-year statute of limitations and are thus time-barred. Plaintiffs argued that the statute of limitations should commence after such time as Plaintiffs had exhausted their internal appeals processes and that the appeals process itself should toll the statute and/or that the filing of a federal petition, which was dismissed on the merits before the statute of limitations had expired, should trigger a six-month savings statute.
>
> "The Court rejects the Plaintiffs' arguments finding that Plaintiff Srivastava received notice of his impending termination on July 3, 2014 and Plaintiff Shankar received notice of her impending termination on October 1, 2013. Under the standard set forth in *Johnston v. Farmers Alliance Mutual Ins. Co*., [218 Kan. 543, 548,] 545 P.2d 312, 316-17 (Kan. 1976), the Court finds that both Plaintiffs, at these defining points in time, had adequate notice and knowledge of the acts upon which they base the claims set forth in their Second Amended Petition. The Court finds no legal authority to support Plaintiffs' argument that an earlier filing of a federal petition or an internal appeals process would trigger either a six-month savings statute or toll the statute of limitations and thus the Plaintiffs' claims under 42 U.S.C. 1983 are time-barred. Defendants' Motion to Dismiss is GRANTED, as a matter of law."

Dr. Srivastava and Dr. Shankar timely appealed.

9

*Are Dr. Srivastavas' and Dr. Shankar's Claims Barred Under the Statute of Limitations?*

Dr. Srivastava and Dr. Shankar argue that the trial court erred when it ruled that their § 1983 claims were barred under the applicable statute of limitations. As he did below, Dr. Srivastava asserts that his § 1983 claims are not time barred because the two-year statute of limitations did not begin to run until he received the January 9, 2015 letter from KU stating that he had lost his administrative appeal. Dr. Shankar repeats her arguments that her § 1983 claims are not time barred because her § 1983 claims are saved under K.S.A. 60-518—the Kansas savings statute.

In addition to repeating the arguments they made below about the § 1983 claims being time barred under the two-year statute of limitations, the KUMC employees emphasize that Dr. Srivastava and Dr. Shankar have cited very little authority to support their arguments on appeal. Further, they note that the authority Dr. Srivastava and Dr. Shankar do cite is distinguishable. Alternatively, the KUMC employees assert that this court may uphold the trial court's dismissal of Dr. Srivastava's and Dr. Shankar's petition for failure to state a claim upon which relief could be granted.

*Standard of Review*

Interpretation of a statute is a question of law over which an appellate court has unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). The interpretation and application of a statute of limitations is also a question of law over which appellate courts have unlimited review. *Whye v. City Council for the City of Topeka*, 278 Kan. 458, 460, 102 P.3d 384 (2004). The most fundamental rule of statutory interpretation is that the Legislature's intent, as developed through the plain language of the statute, governs. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016).

10

*Relevant Dates*

K.S.A. 60-513(a)(4) provides that "action[s] for injur[ies] to the rights of another, not arising on contract, and not herein enumerated," "shall be brought within two years." Our Supreme Court has held that § 1983 claims brought in state court are bound by K.S.A. 60-513(a)(4)'s two-year statute of limitations. See *Whye*, 278 Kan. at 459.

The parties have never disputed that the applicable statute of limitations for Dr. Srivastava's and Dr. Shankar's § 1983 claims is two years. What the parties do dispute is when the statute of limitations started to run as to their claims. Once again, the trial court held that the two-year statute of limitations started to run for Dr. Srivastava's claims and Dr. Shankar's claims when they had "notice of their impending termination." For Dr. Srivastava, the court determined that this was when he received the July 3, 2014 letter notifying him of his impending termination. For Dr. Shankar, the court found that this was when she received the October 1, 2013 letter notifying her of her impending termination. Citing our Supreme Court's decision in *Whye*, the KUMC employees assert that the trial court's decision was correct.

In *Whye*, our Supreme Court considered "how to determine the date that triggers the statute of limitations for a constructive discharge claim or a § 1983 claim based upon it." 278 Kan. at 460. Our Supreme Court held that "Whye's § 1983 claim accrued when he knew or should have known that his constitutional rights had been violated." 278 Kan. at 460. For a constructive discharge case, our Supreme Court held that the statute of limitations started to run when a person "tenders his or her resignation or announces a plan to retire." 278 Kan. at 464. Given this holding in *Whye*, it follows that in a wrongful discharge case such as this one, the date that triggers the statute of limitations would be when the person learns of his or her termination. Clearly, this date would be the date the person first had notice of a violation of his or her rights.

11

Assuming arguendo that the trial court's ruling and findings concerning when the statute of limitations began to run are correct, the following table shows how much time passed between the dates Dr. Srivastava and Dr. Shankar received notice of their respective terminations and the other relevant dates in this case:

| Dr. Srivastava | Relevant Dates | Dr. Shankar |
|---|---|---|
| 1 year, 7 months, 22 days | 2/25/15<br>Files Petition | 2 years, 4 months, 24 days |
| 2 years, 22 days | 7/25/16<br>Files First Amended Petition | 2 years, 9 months, 24 days |
| 2 years, 5 months, 16 days | 12/19/16<br>Files Second motion to amend | 3 years, 2 months, 18 days |
| 2 years, 8 months, 5 days | 3/8/17<br>Stipulated service date of KUMC employees | 3 years, 5 months, 7 days |

*Dr. Srivastava's Claims are Time Barred*

Dr. Srivastava's sole argument takes aim at the trial court's ruling that the statute of limitations began to run when he received notice of his impending termination on July 3, 2014. He argues that the two-year statute of limitations did not start until he received notice that he had lost his administrative appeal on January 9, 2015, meaning the statute of limitations ended on January 9, 2017. This January 9, 2017 date is well after Dr. Srivastava filed his second amended petition on December 19, 2016, in which Dr. Srivastava and Dr. Shankar first added the KUMC employees as defendants. As a result, if Dr. Srivastava's arguments about his administrative appeal tolling the statute of limitations for his § 1983 claims are correct, his § 1983 claims against the KUMC employees would not have been barred by the statute of limitations.

To support his argument, Dr. Srivastava relies on *Hayes v. Reynolds Metals Co.*, 769 F.2d 1520 (11th Cir. 1985). In that case, the Eleventh Circuit Court of Appeals held that the plaintiff's "hybrid" claims against his employer for violating their collective

bargaining agreement under the Labor Management Relations Act (LMRA) were tolled while he exhausted grievance procedures. *Hayes*, 769 F.2d at 1522-23. In making this holding, the *Hayes* court explained that persons in the plaintiff's position were contractually obligated to use the grievance procedure, "exhaust[ing] his [or her] contractual remedies before suing in federal court." 769 F.2d at 1522.

As the KUMC employees respond, however, this case is distinguishable from the *Hayes* case for several reasons. First, the facts of this case involve an entirely different legal claim—§ 1983 claims versus claims under the LMRA. Second, unlike the plaintiff in *Hayes*, Dr. Srivastava had no contractual obligation to exhaust his remedies before filing this suit in court. Third, and most importantly, Kansas caselaw, as well as federal caselaw, does not support Dr. Srivastava's position.

For starters, in *Whye*, our Supreme Court held that notice triggers the running of the statute of limitations in wrongful termination cases based on constructive discharge brought by a former employee against the government under § 1983. 278 Kan. 458, Syl. Clearly, the *Whye* case is directly on point as to when the statute of limitations was triggered while the *Hayes* case is factually and legally distinguishable. Moreover, nowhere in Dr. Srivastava's analysis has he recognized that this court is duty bound to follow our Supreme Court's precedent absent some evidence that our Supreme Court is moving away from that precedent. See *Majors v. Hillebrand*, 51 Kan. App. 2d 625, 629-30, 349 P.3d 1283 (2015). That is, the *Hayes* case is merely persuasive authority while the *Whye* case is binding precedent.

Additionally, the case *Prager v. Kansas Dept. of Revenue*, 271 Kan. 1, 16-18, 20 P.3d 39 (2001), further undermines Dr. Srivastava's arguments. *Prager* was a case involving a former employee suing the Department of Revenue, as well as individual employees, under § 1983 for violation of his free speech and due process rights. In that case, our Supreme Court decided whether persons suing under § 1983 needed to exhaust

13

administrative remedies before bringing those claims. Relying on *Felder v. Casey*, 487 U.S. 131, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988), and *Patsy v. Florida Board of Regents*, 457 U.S. 496, 102 S. Ct. 2557, 73 L. Ed. 2d 172 (1982), our Supreme Court held that there was a "broad no-exhaustion rule for § 1983 actions whether brought in state or federal court." *Prager*, 271 Kan. at 16. Relying on *Felder*, the *Prager* court further held that "the dominant characteristic of a § 1983 civil rights action is that they belong in court independent of any other legal or administrative relief that may be available under state or federal law." 271 Kan. at 19.

Although the question before this court does not involve whether plaintiffs must exhaust administrative remedies before filing their § 1983 cases in court, the *Prager* decision is still helpful in this court's analysis. Very clearly, if § 1983 civil rights actions are wholly independent of "any other legal or administrative relief," it does not follow that the filing of an administrative appeal through a university's administrative appeal process would toll the starting of the two-year § 1983 statute of limitations. Indeed, federal courts dealing with this specific issue have explicitly rejected that exhaustion of administrative remedies tolled the statute of limitations.

In *Delaware State College v. Ricks*, 449 U.S. 250, 261, 101 S. Ct. 498, 66 L. Ed. 2d 431 (1980), the United States Supreme Court held that the former employee of Delaware State College who was challenging an adverse tenure decision under 42 U.S.C. § 1981 did not extend the period in which he could file his claim by filing an administrative appeal with the college because exhaustion of administrative remedies did not toll the running of the § 1981 statute of limitations. See *Hansbury v. Regents of University of Cal.*, 596 F.2d 944, 949 (10th Cir. 1979), *overruled on other grounds by Garcia v. Wilson*, 731 F.2d 640 (10th Cir. 1984). Additionally, more recently, in *Snodderly v. Kansas*, 92 F. Supp. 2d 1159, 1161 (D. Kan. 2000), the United States District Court of Kansas unequivocally held: "[T]he pendency of an investigation by the Kansas Department of Human Rights [does not] toll the statute of limitations on the

plaintiff's § 1983 claim; Snodderly was not required to exhaust his administrative remedies before commencing his § 1983 claim."

In summary, the only law that Dr. Srivastava cites to support his argument that the two-year statute of limitations for his § 1983 claims did not start to run until he received the January 9, 2015 letter telling him that he had lost his administrative appeal is clearly distinguishable. Meanwhile, Kansas caselaw and federal caselaw support that the filing of an administrative appeal does not toll the two-year statute of limitations for § 1983 claims from running. Thus, we reject Dr. Srivastava's argument that the two-year statute of limitations to bring his § 1983 claims did not start to run until he received the January 9, 2015 letter stating that he had lost his administrative appeal.

At this juncture, it is important to point out that Dr. Srivastava's argument that the statute of limitations did not start to run until January 9, 2015, is his only argument on appeal. Morever, because Dr. Srivastava has not included any other arguments concerning why the trial court erred by finding that his § 1983 claims were time barred, he has abandoned any such argument. See *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011) (holding an issue not briefed by an appellant is deemed waived or abandoned). Consequently, we may affirm without any additional analysis.

For the sake of argument, even if Dr. Srivastava had included an argument that his § 1983 claims against the KUMC employees in the second amended petition related back to his original timely filed petition, those arguments would fail.

In relevant part, K.S.A. 2017 Supp. 60-215 states:

"(a) *Amendments before trial.* (1) *Amending as a matter of course.* A party may amend its pleading once as a matter of course within:

15

(A) 21 days after serving it; or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under subsections (b), (e) or (f) of K.S.A. 60-212, and amendments thereto, whichever is earlier.

"(2) *Other amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave. The court should freely give leave when justice so requires."

Here, the 2 times Dr. Srivastava and Dr. Shankar moved to amend their petition they (1) sought the permission of the trial court and (2) filed their motion 22 days after KU's motions to dismiss. As a result, Dr. Srivastava and Dr. Shankar elected to amend their petition under 60-215(a)(2) even though they had never used their one opportunity to amend as a matter of course. Therefore, to successfully file their second amended petition, Dr. Srivastava and Dr. Shankar were required to comply with subsection (a)(2)'s requirement to obtain opposing counsel's written consent or the court's leave.

Dr. Srivastava and Dr. Shankar obtained the court's leave to file their second amended motion naming the KUMC employees as defendants on October 12, 2016; this was two years, three months, and nine days after KUMC provided Dr. Srivastava with notice of his termination. Yet, for whatever reason, Dr. Srivastava and Dr. Shankar did not actually file their second amended petition naming the KUMC employees as defendants until December 19, 2016; this was two years, eight months, and five days after KUMC provided Dr. Srivastava with notice of his termination. Both dates are clearly well beyond the two-year statute of limitations to file § 1983 claims.

Furthermore, Dr. Srivastava's § 1983 claims are not saved by K.S.A. 2017 Supp. 60-215(c)(3)'s relation-back provision. Under 60-215(c)(3), an amendment to a petition that changes the name of the defendant relates back to an earlier timely filed petition if the following elements are met:

16

"'(1) the claim arose out of the same conduct, transaction, or occurrence set forth in the original pleading; and (2) within the statute of limitations, including the period for service of process, the party to be brought in by amendment (a) received notice of the action, and (b) knew or should have known that but for a mistake concerning the identity of the proper party the action would have been brought against the party.'" *Hajda v. University of Kansas Hosp. Auth.*, 51 Kan. App. 2d 761, 774, 356 P.3d 1 (2015) (quoting *Vorhees v. Baltazar*, 283 Kan. 389, 413, 153 P.3d 1227 [2007]).

Dr. Srivastava's § 1983 claims alleging that the KUMC employees violated his substantive due process and equal protection rights, resulting in his termination, does not relate back to his earlier petitions for two reasons. First, nothing supports that the KUMC employees had notice of Dr. Srivastava's and Dr. Shankar's lawsuit. The standard period to serve process is 90 days. K.S.A. 2017 Supp. 60-203(a). Thus, in this case, some evidence must support that the KUMC employees had notice of this action against them within 2 years and 90 days of Dr. Srivastava receiving notice of his termination. Two years and 90 days from July 3, 2014, is October 1, 2016.

Once more, Dr. Srivastava and Dr. Shankar received leave from the trial court to file their amended second petition on October 12, 2016, and filed their second amended petition on December 19, 2016. And perhaps most importantly, the first evidence establishing that the KUMC employees were aware of this lawsuit comes from the parties' joint stipulation on March 28, 2017. In the joint stipulation, the parties agreed that the KUMC employees would be deemed served as of March 8, 2017. In short, Dr. Srivastava is not entitled to use K.S.A. 2017 Supp. 60-215(c)(3) because he could not comply with the timing and notice requirements.

Second, Dr. Srivastava is not entitled to use K.S.A. 2017 Supp. 60-215(c)(3) because it is readily apparent that there was no mistake of identity that resulted in the

17

lawsuit being untimely filed. In *Martindale v. Tenny*, 250 Kan. 621, 643, 829 P.2d 561 (1992), our Supreme Court explained:

> "In our opinion, the statute, which is clearly an attempt to avoid the harsh application of the statute of limitations, applies where there has been a good faith attempt to properly name and join the intended defendant but that attempt has been thwarted through some honest mistake in the identity of the proper defendant."

Our Supreme Court ruled that because Martindale always knew the identities of the doctors she attempted to join as parties after the statute of limitations had expired, but instead chose to sue the corporate medical centers in her timely filed petitions, the evidence supported she made a strategic decision to sue the corporate medical centers instead of the individual doctors. *Martindale*, 250 Kan. at 643.

Again, in their second amended petition, Dr. Srivastava and Dr. Shankar simply added four paragraphs stating that the individual KUMC employees "held a supervisory and/or managerial position over either or both plaintiffs during period of time relevant to the matters at issue herein." As persons Dr. Srivastava and Dr. Shankar worked with, persons who were their superiors, Dr. Srivastava and Dr. Shankar undoubtedly knew of the conduct they now complain about upon receiving notice of their terminations. This conclusion is only strengthened by the fact Dr. Shankar named Dr. Terranova and Dr. Jensen in her federal case.

Moreover, Dr. Srivastava's and Dr. Shankar's actions throughout this case, as well as the format of their second amended petition, establish that it was a strategic decision, not an honest mistake, not to include the KUMC employees as defendants in their timely filed petition. To begin with, when KU moved to dismiss Dr. Srivastava's and Dr. Shankar's original petition based upon their failure to comply with the KJRA, Dr. Shankar and Dr. Srivastava moved to amend their petition to add the § 1983 claims. But,

when Dr. Srivastava and Dr. Shankar added the § 1983 claims, they still made those claims against KU, not against the KUMC employees. It was only after KU made its sovereign immunity arguments that Dr. Srivastava and Dr. Shankar moved to file its second amended petition adding the individual KUMC employees. Very clearly, the second amended petition was an afterthought used in an attempt to avoid total dismissal of their petition.

Indeed, in its motion to amend, Dr. Srivastava and Dr. Shankar explicitly stated that the court should not dismiss its petition now that it named the individual KUMC employees as defendants as it concerned their § 1983 claims. Furthermore, the format of the second amended petition, in which Dr. Srivastava and Dr. Shankar simply added four paragraphs about the four KUMC employees at the beginning of the petition is noteworthy because they alleged that "defendant KU" had violated their substantive due process and equal protection rights by terminating their employment. Indeed, this provides very strong evidence that KU, not the KUMC employees, was and still is the true objective of Dr. Srivastava's and Dr. Shankar's lawsuit. Thus, just as in the *Martindale* case, Dr. Srivastava cannot use K.S.A. 2017 Supp. 60-215(c)(3)'s relation-back provision because the provision does not exist to give relief to plaintiffs who make errant strategic decisions.

In sum, Dr. Srivastava's argument that the trial court used the incorrect date to start the running of the two-year statute of limitations period for his § 1983 claims is incorrect. The statute of limitations was not tolled while using KU's administrative appeal process. Moreover, although Dr. Srivastava's original petition was timely filed, the trial court correctly dismissed Dr. Srivastava's § 1983 claims as time barred because he was not entitled to use 60-215(c)(3)'s relation-back provision to make his untimely second amended petition, in which he first named the KUMC employees as defendants, timely. Accordingly, we affirm the dismissal of Dr. Srivastava's § 1983 claims.

19

*Dr. Shankar's Claims are Time Barred*

Dr. Shankar argues that the trial court erred by finding her § 1983 claims time barred because it accepted the KUMC employees' argument concerning the applicability of the savings statute. Specifically, she argues that the KUMC employees used the wrong definition of "commencement of action" to determine the applicability of the savings statute. The KUMC employees respond as follows: (1) that Dr. Shankar is using the wrong definition of "commencement of action"; (2) that Dr. Shankar further fails to comply with the savings statute's timing requirement; and (3) that even if the savings statute applies, Dr. Shankar would still need her second amended petition to relate back to an earlier timely filed petition under K.S.A. 2017 Supp. 60-215(c)(3) for her claims not to be time barred.

Kansas' savings statute, K.S.A. 60-518, states:

"If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure."

Under the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Yet, under Kansas' rules of civil procedure:

"(a) *Time of Commencement*. A civil action is commenced at the time of: (1) Filing a petition with the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first

20

publication is not made within the time specified by paragraph (1)." K.S.A. 2017 Supp. 60-203(a).

To review, Dr. Shankar received notice of her termination on October 1, 2013. The only information about Dr. Shankar's federal case comes from the appearance docket that KU attached to a motion to dismiss. The appearance docket states that Dr. Shankar filed her case on November 12, 2014, and voluntarily dismissed her case on September 21, 2015, without ever serving any of the named defendants. Importantly, the appearance docket states that the case was in federal court through diversity jurisdiction.

In terms of timing, Dr. Shankar timely filed her federal case within Kansas' 2-year statute of limitations period for § 1983 claims given that she filed her case on November 12, 2014, which is just 1 year, 1 month, and 11 days after her termination on October 1, 2013. Yet, as the KUMC employees assert in their brief, Dr. Shankar voluntarily dismissed her federal case before the 2-year statute of limitations to bring her § 1983 claims had run.

When Dr. Shankar voluntarily dismissed her federal case on September 21, 2015, she would still have had 10 days to file her petition in this case before the 2-year statute of limitations expired for her § 1983 claims on October 1, 2015. Under the plain language of K.S.A. 60-518, regardless of whether an action timely commenced, persons are not entitled to relief under the savings statute unless their initial action fails after "the time limited for [commencing the action within due time] shall have expired." Recently, this interpretation of K.S.A. 60-518 was approved by this court. *Lehman v. City of Topeka*, 50 Kan. App. 2d 115, 119, 323 P.3d 867 (2014). Additionally, while reviewing the substantively identical predecessor savings statute, our Supreme Court held that if any portion of the statute of limitations remains following the dismissal of the original action, plaintiffs cannot use the savings statute. Instead, plaintiffs must timely file their new lawsuit. See *Jackson v. Oil & Gas Co.*, 115 Kan. 386, 222 P. 1114 (1924).

21

Consequently, it is readily apparent that Dr. Shankar is not entitled to use the savings statute for this reason alone. Yet, of further note, even though the KUMC employees made this argument below, and the trial court accepted this argument in dismissing her claims, Dr. Shankar has never responded to this specific argument. By not providing a response in her appellate brief, she has abandoned her ability to challenge this argument on appeal. See *Superior Boiler Works,* 292 Kan. at 889.

Finally, it is important to mention that Dr. Shankar's sole appellate argument about the trial court using the wrong definition of "commencement of action" is also incorrect. The case of *Campbell v. Hubbard*, 41 Kan. App. 2d 1, 5, 201 P.3d 702 (2008), is instructive on this issue. In *Campbell*, this court considered whether the savings statute saved Campbell's current action when Campbell had previously filed suit in Arizona federal court. The specific question at issue was what definition of "commencement of action" to use. The *Campbell* court explained:

> "Under Arizona's rules, an action 'is commenced by filing a complaint with the court.' 16 Ariz. Rev. Stat. Ann. Rules of Civil Procedure, Rule 3 (2001). That rule is essentially identical to Rule 3 of the Federal Rules of Civil Procedure. Although the case was filed in federal court in Arizona, the basis for jurisdiction in the federal court was the diversity of citizenship between the plaintiff, an Arizona resident, and the defendants, residents of other states. When a federal court hears a case based on the diversity of the citizenship of the parties, it must apply the law of the state in which that federal court is located (called the forum state's law) in determining the date of a suit's commencement. 4 Wright & Miller, Federal Practice and Procedure § 1057 (3d ed. 2002). Thus, while the suit was pending in the Arizona federal court, that court would have applied the Arizona state rule that the suit was commenced simply by filing it." 41 Kan. App. 2d at 5.

Here, the docketing appearance in the record on appeal states that Dr. Shankar's action was in federal court based upon diversity jurisdiction. Because she filed her case in

22

the United States District Court of Kansas, this means that Kansas rules of civil procedure apply. In turn, the Kansas definition of "commencement of action" under K.S.A. 2017 Supp. 60-203, requiring that plaintiffs serve process on defendants for an action to commence, controls. Because it is undisputed that Dr. Shankar did not serve process on the defendants listed in her federal case, it is also undisputed that her federal case never commenced. As a result, she is not entitled to relief under K.S.A. 2017 Supp. 60-215.

Consequently, for the preceding reasons, we affirm the trial court's dismissal of Dr. Shankar's § 1983 claims against the KUMC employees as time barred.

Affirmed.